J-S72036-17

2017 PA Super 417

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| PATRICK CLINE | : | |
| Appellant | : | No. 641 EDA 2017 |

Appeal from the Judgment of Sentence August 22, 2016
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0000271-2015

BEFORE: BENDER, P.J.E., MUSMANNO, J., and STEVENS*, P.J.E.

OPINION BY STEVENS, P.J.E.: **FILED DECEMBER 29, 2017**

Appellant, Patrick Cline, appeals from the judgment of sentence entered in the Court of Common Pleas of Lehigh County after a jury found him guilty of intercepting and disclosing a wire, electronic, or oral communication, in violation of the Wiretapping and Electronic Surveillance Control Act.[1] Appellant levels a sufficiency of the evidence challenge in which he asserts that the Commonwealth failed to prove he knowingly or intentionally violated the Wiretap Act when he recorded a custody hearing attended by his ex-wife and him at the Lehigh County Courthouse. We affirm.

The trial court aptly sets forth pertinent facts, as follows:

On September 2, 2014, the defendant [hereinafter "Appellant"] and his ex-wife, Jennifer Kibler, were in the Lehigh County Courthouse for a custody conference. The conference was held in

_____

[1] 18 Pa.C.S.A. § 5703(1) & (2).

_____

* Former Justice specially assigned to the Superior Court.

the office of custody master Don Klein, Esquire. Also present in the room was Lehigh County Deputy Sheriff Peter Tirado. Approximately 20 to 30 minutes into the conference, Appellant stood up and announced that he was recording the hearing with his cell phone. Master Klein advised Appellant that he could not record in there and asked Deputy Tirado to take Appellant's phone. Appellant put the phone in his pocket, ran out of the room, and left the courthouse. Appellant ultimately posted the recording on Facebook.

At [Appellant's June 15, 2016,] trial, Ms. Kibler, Master Klein, [and] Deputy Tirado testified that they never gave Appellant permission to record the conference[, and there were signs posted prohibiting the use of cell phones]. Master Klein and Deputy Tirado testified that the conference room is accessed by swiping a key card and is not accessible by the public. Appellant testified and admitted to recording the hearing and posting it on Facebook, but [he] maintained he did not do anything illegal.

Trial Court Opinion, dated 5/4/17, at 1-2.

The jury convicted Appellant of violating the Wiretap Act, and the court ordered a pre-sentence investigation report and scheduled a sentencing date. On August 22, 2016, the court sentenced Appellant to a term of incarceration of 11 ½ to 23 months, followed by three years' probation. Appellant filed post-sentence motions, which were denied following a hearing. This timely appeal followed.

Appellant presents the following question for our review:

**WAS THE EVIDENCE INSUFFICIENT TO SUPPORT THE VERDICT FOR THE FOLLOWING REASONS:**

**A. THERE WAS NO EVIDENCE THAT APPELLANT KNEW THAT RECORDING THE HEARING AND/OR POSTING IT ONLINE WAS AGAINST THE LAW AS THE SIGNS MERELY SAID "NO CELL PHONES" BUT DID NOT PROHIBIT RECORDING. IT WAS THEREFORE NOT PROVEN THAT HE HAD THE REQUIRED *MENS REA*.**

**B. PROHIBITING DEFENDANT FROM RECORDING THE PROCEEDINGS AND/OR POSTING IT ONLINE VIOLATED HIS DUE PROCESS RIGHTS UNDER THE UNITED STATES AND PENNSYLVANIA CONSTITUTIONS SINCE THE INFORMATION RECEIVED AT THE CUSTODY CONFERENCE WAS RECEIVED AND UTILIZED BY THE JUDGE AT A SUBSEQUENT CUSTODY TRIAL.**

**C. PROHIBITING APPELLANT FROM RECORDING THE PROCEEDINGS AND/OR POSTING IT ONLINE VIOLATED HIS DUE PROCESS RIGHTS UNDER THE UNITED STATES AND PENNSYLVANIA CONSTITUTIONS SINCE LEGAL PROCEEDINGS ARE SUPPOSED TO BE PUBLIC AND NOT HELD IN SECRET.**

Appellant's brief at 5.

Our standard of review of a challenge to the sufficiency of the evidence is well-settled:

> [i]n reviewing sufficiency of evidence claims, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all the elements of the offense. Additionally, to sustain a conviction, the facts and circumstances which the Commonwealth must prove, must be such that every essential element of the crime is established beyond a reasonable doubt. Admittedly, guilt must be based on facts and conditions proved, and not on suspicion or surmise. Entirely circumstantial evidence is sufficient so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The fact finder is free to believe all, part, or none of the evidence presented at trial.

***Commonwealth v. Moreno***, 14 A.3d 133, 136 (Pa.Super. 2011).

Section 5703 of the Crimes Code provides, in pertinent part, that a person is guilty of a felony of the third degree if he:

     (1)    intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept any wire, electronic or oral communication;

     (2)    intentionally discloses or endeavors to disclose to any other person the contents of any wire, electronic or oral communication, or evidence derived therefrom, knowing or having reason to know that the information was obtained through the interception of a wire, electronic or oral communication. . . .

18 Pa.C.S.A. § 5703(1) and (2).  The Wiretap Act defines "intercept" as "[a]ural or other acquisition of the contents of any wire, electronic or oral communication through the use of any electronic, mechanical or other device." 18 Pa.C.S. § 5702.  "Oral communication" is defined in relevant part as "[a]ny oral communication uttered by a person possessing an expectation that such communication is not subject to interception under circumstances justifying such expectation." *Id*.

Initially, we understand Appellant's sufficiency challenge to assert only that the Commonwealth failed to prove he "knew that recording the hearing and/or posting it online was against the law, as the signs merely said 'no cell phones' but did not prohibit recording."  Appellant's brief at 5.  To support his position, Appellant points to his own trial testimony that he did not know he was not allowed to record the custody conference, N.T. 6/15/16 at 83, and did not consider the communications taking place therein to be classified, N.T. at 85, but only sought, instead, to disclose what he perceived to be a corrupt proceeding, N.T. at 87.  To this end, he cites the sheriff's testimony

acknowledging that Appellant asked, when apprehended, whether what he did was against the law, N.T. at 50.

Appellant, therefore, posits that the "Commonwealth failed to prove that [he] knew he was not allowed to record the Custody Conference," and, as such, the Commonwealth "did not prove the element of *mens rea* as required." Appellant's brief at 11.

Critically in this regard, Appellant fails to advance any argument that the custody conference did not involve protected "oral communications" for purposes of the Wiretap Act. Instead, he argues only that it was the Commonwealth's burden to prove he knew the Wiretap Act proscribed the conduct in which he engaged, and absent such proof, his misunderstanding of the Wiretap Act's scope could serve as a viable defense.

That Appellant may have believed he lawfully recorded the custody conference and posted the recording on Facebook was not a defense to the Wiretap Act charge he faced. *See* 18 Pa.C.S. § 304, Official Comment ("Generally speaking, ignorance or mistake of law is no defense."). The prosecution of the Wiretap Act charge against Appellant turned, instead, on proof that Appellant knowingly or intentionally intercepted and disclosed discussions that qualified as "oral communications" under the statute. That is, the Commonwealth was required to prove Appellant knowingly or intentionally committed the acts proscribed under the statute; it was not required to prove Appellant knew the law proscribed such acts, as a

defendant's knowledge of the law is not an element of the offense.  For this reason, we reject Appellant's sufficiency challenge as articulated.[2]

_____

[2] The hallmark of an "oral communication" protected under the Wiretap Act is a communication for which the "speaker had a specific expectation that the contents of the discussion would not be intercepted, and whether that expectation was justifiable under the existing circumstances." *Agnew v. Dupler*, 717 A.2d 519, 523 (Pa. 1998).

Given the lack of advocacy on whether the custody conference involved oral communications protected under the Wiretap Act, we refrain from *sua sponte* deciding this legal question.  However, we note the Commonwealth made an extensive proffer at trial in support of its position that Appellant's ex-wife held a reasonable expectation that her communications would not be intercepted and disclosed.

The evidence demonstrated that the custody conference took place at the county courthouse, which displays signs at the entrance requiring all visitors to turn off cell phones during their visit.  N.T. at 32.  The conference, itself, took place in a room that was inaccessible to the public, required a swipe-card to gain entry, and was guarded by a deputy.  N.T. at 24, 50.  Only the parties, the master, and, in cases where the need for a security presence is anticipated, a deputy are present at the closed-door conference.  N.T. 24-25.

The conference was not recorded, the office was not wired for recording, and, according to Master Don Klein who presided over the parties' conference, no one was permitted to record the proceedings.  N.T. at 25.  This is so, Master Klein explained, because the Master will often elicit very personal information during the conference with the objective of assisting the parties to reach an agreement that is in the best interest of their children.  N.T. at 27, 28.  As such, the parties expect confidentiality and privacy when they are asked to reveal candidly these emotional and personal aspects of their lives, the Master explained.  N.T. at 27.

Appellant's ex-wife corroborated this point, as she testified at the criminal trial that privacy was always maintained during the parties' previous conferences before Master Klein; indeed, she testified that she would have refused to participate if she knew her comments were to be recorded and publicized. N.T. at 7-9, 20.

In Appellant's remaining two issues, he contends his prosecution under the Wiretap Act violated his due process rights to record and publish the custody conference in question when the information obtained therein would be utilized by a trial judge at a subsequent hearing and were, in any event, public and not private in nature. Careful review of the record, however, reveals that Appellant did not raise these discrete issues first with the trial court.

The law is clear that "issues, even those of constitutional dimension, are waived if not raised in the trial court. A new and different theory of relief may not be successfully advanced for the first time on appeal." ***Commonwealth v. Santiago****,* 980 A.2d 659, 666 (Pa.Super. 2009) (citations omitted), ***appeal denied***, 605 Pa. 712, 991 A.2d 312 (2010), ***cert. denied****,* 131 S.Ct. 155 (U.S.

_____

At the conference in question, Appellant did not ask either Master Klein's or his ex-wife's permission to record, but did it surreptitiously, positioning his cell phone behind papers and a bible he brought to the conference. N.T. at 26-27, 29. When Master Klein became aware of Appellant's conduct, he informed him "you're not permitted to record anything in here," and he asked the deputy to confiscate Appellant's cell phone. N.T. at 29. Regardless of the Master's admonition and directive, Appellant grabbed all his belongings and ran out of the conference room before the deputy could approach. N.T. at 29.

2010); **see also** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal"). Because these due process issues were not preserved in the first instance before the trial court, they are waived.

For the foregoing reasons, judgment of sentence is affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/29/17