J-A10041-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MOHAMED DRIDI | : | |
| | : | |
| Appellant | : | No. 723 EDA 2019 |

Appeal from the Judgment of Sentence Entered January 23, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008768-2016

BEFORE: BOWES, J., SHOGAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:         **FILED JUNE 23, 2020**

Mohamed Dridi (Dridi) appeals from the judgment of sentence entered on January 23, 2019, by the Court of Common Pleas of Philadelphia County (trial court) following his jury trial convictions for one count of disseminating child pornography, fifteen counts of possession of child pornography, and one count of criminal use of a communication facility.[1] Dridi challenges the denial of his motion to suppress evidence seized from his residence pursuant to a search warrant. We affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 6312(c), 6312(d), & 7512(a).

**I.**

We glean the following facts from the certified record. On April 10, 2016, Special Agent Eric Barlow (Agent Barlow) of the Pennsylvania Office of the Attorney General (OAG) utilized the office's peer-to-peer file sharing program to download a file containing known child pornography. Agent Barlow identified the Internet Protocol (IP) address that had shared the file and obtained a subpoena for the subscriber information. Verizon's records indicated that Dridi was the owner of the IP address and provided his address. The OAG confirmed through PennDOT and other records that Dridi was the resident of the address in question.

Subsequently, on August 2, 2016, Agent Barlow applied for a search warrant for the address. In the Affidavit of Probable Cause (Affidavit) attached to the search warrant application,[2] Agent Barlow described his investigation in detail. He explained that peer-to-peer file sharing programs "allow groups of computers, using the same file sharing network and protocols, to transfer digital files from one computer system to another while connected to a network, usually on the Internet." Affidavit at 1. The peer-to-peer file sharing programs allow users to make their digital libraries available to other users and are commonly used to disseminate child pornography. *Id.* Peer-to-peer

---

[2] The full search warrant and Affidavit was attached as Exhibit B to Dridi's Motion to Suppress. *See* Motion to Suppress, 8/14/17, Exhibit B.

file sharing programs can download a single file from multiple computers; however, the program used by the OAG downloads an entire file from a single computer and identifies that device's IP address for investigation. *Id.* at 2.

During his investigation, Agent Barlow made a direct connection to a device at an identified IP address and downloaded a file containing child pornography. *Id.* at 3. The device was using uTorrent 3.4 software to share the file. *Id.* Agent Barlow's software logged the start and end time for the download, the file name and size, and the IP address for the computer sharing the file. Agent Barlow then used the American Registry of Internet Numbers to determine that the IP address was provided by Verizon and issued a subpoena for the subscriber information. As noted above, Verizon complied with the subpoena and identified Dridi as the subscriber and provided his home address and contact information.

The Affidavit further explained that files may be stored in "free space or slack space" on a hard drive long after it has been deleted by a user, and a computer may also keep records of deleted data and files that were viewed through the internet. *Id.* at 4. Thus, it is possible for investigators to recover files and data that had been deleted or viewed months or years prior. *Id.* Agent Barlow averred that "searching computerized information for evidence or instrumentalities of crime commonly requires investigators to seize all of a computer system's input/output peripheral devices, related software, documentation, and data security devices (including passwords) so that a

qualified computer expert can accurately retrieve the system's data in a laboratory or other controlled environment." ***Id.*** at 5. It was necessary to search not just computers, but all magnetic storage devices, external storage devices, and "computing systems sometimes referred to as central processing units (CPU)." ***Id.***

Based on all of this information, the application for the search warrant specified the items to be searched for and seized as follows:

> All computer hardware, including, but not limited to, any equipment which can collect, analyze, create, display, convert, store, conceal, or transmit electronic, magnetic, optical or similar computer impulses or data. Any computer processing units, internal and peripheral storage devices (such as fixed disks, external hard disks, discs, backup media, flash media, and optical storage devices), peripheral input/output devices (such as keyboards, printers, scanners, video displays, switches, and disc/media readers), and related communication devices such as network/internet devices, cables, and connections, recording equipment, as well as any devices, mechanisms, or parts that can be used to restrict access to computer hardware. These items will be seized and then later searched for evidence relating to the possession and/or distribution of child pornography.

Search Warrant, 8/2/16, at 1-2. Agents from the OAG executed the search warrant and seized three laptop computers and four cell phones[3] from the residence. These items were seized from a room in the house that Dridi identified to agents as his bedroom.

---

[3] These cell phones were all smartphones. "A smartphone is a modern day cellular telephone with computer-like capabilities." ***Commonwealth v. Smith***, 136 A.3d 170, 171 n.2 (Pa. Super. 2016).

Videos, images, internet search history terms, and other indicia of child pornography were recovered from one of the laptops and three of the cell phones. Several of the images of child pornography were synced across multiple cell phones through a shared Gmail account. The laptop identified Dridi as the system owner, with "Ali PC" as the laptop name and "Ali" as the username. The laptop also contained a picture of Dridi's green card and Social Security card. All images and videos were located in "unallocated space" on the devices, indicating that the user had deleted the files from the allocated space on the devices but they had been retained elsewhere by the system. The uTorrent 3.4 software that uploaded the video in April 2016 was not found on any of the devices.

Following a jury trial, Dridi was found guilty of the above-mentioned crimes. After a presentence investigation and report, the trial court sentenced Dridi to an aggregate of five to ten years' incarceration, followed by seven years of probation. Dridi timely filed a notice of appeal, and he and the trial court have complied with Pa. R.A.P. 1925.

**II.**

On appeal, Dridi raises two claims of error regarding the trial court's denial of his motion to suppress:

> 1. Did not the suppression court err in denying [Dridi's] motion to suppress evidence where the search warrant lacked the constitutionally required particularity as it authorized only the seizure of computers and related hardware but never mentioned cell phones?

2. Did not the suppression court err in denying [Dridi's] motion to suppress physical evidence where the search warrant did not contain probable cause to seize cell phones?

*See* Dridi's Brief at 3 (answers omitted). Notably, he concedes that probable cause existed to support the search and seizure of the computers recovered from his residence. *See* Reply Brief at 2. His only arguments relate to whether the search warrant authorized the OAG to search and seize four cell phones from his residence. As these are issues that Dridi did not present to the trial court, either in the suppression proceedings or in his Concise Statement, they are waived.

It is axiomatic that issues not first presented to the trial court are waived on appeal. Pa. R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Even issues of constitutional dimension are waived if they are not preserved in front of the trial court. *Commonwealth v. Cline*, 177 A.3d 922, 927 (Pa. Super. 2017). Similarly, a litigant may not present a new or different legal theory in support of relief on appeal. *Id.* All legal theories or arguments must first be presented to the trial court, which can then correct error in the first instance before an appeal becomes necessary. "The appellate rules direct that an issue must be raised in the trial court in order to provide that court with the opportunity to consider the issue, rule upon it correctly, and obviate the need for appeal." *Gustine Uniontown Assocs., Ltd. ex rel. Gustine Uniontown, Inc. v. Anthony Crane Rental, Inc.*, 892 A.2d 830, 835 (Pa. Super. 2006).

In his suppression motion, Dridi argued that:

- All evidence from his residence must be suppressed because the warrant did not support probable cause that the device that uploaded the video would still be in the residence four months after the initial investigation. *See* Motion to Suppress, 8/14/17, at 2-7.

- The warrant was overbroad because it authorized the seizure of all computer equipment, "allows a general search of all computer hardware," and "[did] not limit the search to evidence of the crimes under investigation." *Id.* at 7.

- The warrant should have been more detailed regarding the type of files and data that could be searched for and seized. *Id.* at 9.

- The warrant only authorized seizure of the devices, not the subsequent searches of the devices. *Id.*

- The OAG violated the knock-and-announce rule when it executed the warrant. *Id.* at 12.

Notably, the Motion did not allege that the cell phones were illegally seized because they were not denominated in the search warrant.

At the suppression hearing, Dridi stated that he was seeking suppression of all items seized from the house on the basis that the search warrant and Affidavit were overbroad, stale and did not support probable cause to conclude that contraband would be found in his home. He withdrew all other grounds for suppression that had been stated in his written motion. Notes of Testimony, Suppression Hearing, 10/11/17, at 6. In his testimony, Agent Barlow stated that the search warrant was written to include all devices that access the internet or store files. He could not confirm through the initial

investigation which specific device uploaded the video, only the IP address from which it was uploaded. *Id.* at 47, 50. Neither Dridi nor the Commonwealth questioned Agent Barlow regarding whether cell phones could be used to upload or download the type of file that Agent Barlow had downloaded from Dridi's IP address.

After the testimony, Dridi did not make any argument regarding whether the cell phones fell within the scope of the search warrant or were identified with particularity. He argued, consistent with his motion, that the entire search of the home was unconstitutional because the search warrant was stale, overbroad and lacked probable cause to find that the device that uploaded the video was still in the home. The trial court subsequently denied suppression, finding that the link between the IP address and Dridi's home provided sufficient probable cause that the device that uploaded the video would be located in the home. The trial court also found that the search warrant was not overbroad because it was limited to devices that could be used to store child pornography and limited the scope of the search to files and evidence related to child pornography. *Id.* at 58-60.

Similarly, in his Concise Statement, Dridi stated that the trial court abused its discretion in denying his motion to suppress "electronic devices and all prohibited materials recovered therefrom" because the search warrant was "stale, overbroad and did not contain probable cause that contraband would be found in the home." Concise Statement, 5/14/19, at Paragraph 2a. Thus,

he stated that the entire search of his home was unconstitutional. ***Id.*** Again, he did not allege that the search should have been limited to the computers or that the cell phones were not identified with particularity in the search warrant.

Because of the issues raised, the trial court's opinion focused on whether the information to support the search warrant was stale and sufficiently tailored to allow the OAG to search the devices only for evidence related to possessing and disseminating child pornography. ***See*** Trial Court Opinion, 9/8/19, at 12-16. The trial court never considered the question of whether cell phones were identified with particularity within the definition of "computer hardware" in the search warrant or whether the search warrant supported probable cause to search the cell phones as opposed to the computers.

Dridi's first question on appeal relates to the particularity of the search warrant, specifically, whether the language describing items to be seized was written with sufficient particularity to authorize seizure of the cell phones.

> The particularity requirement prohibits a warrant that is not particular enough and a warrant that is overbroad, which are separate, but related, issues. A warrant lacks sufficient particularity if it authorizes a search in terms so ambiguous as to allow the executing officers to pick and choose among an individual's possessions to find which items to seize. A warrant is unconstitutionally overbroad if it authorizes in clear or specific terms the seizure of an entire set of items, or documents, many of which will prove unrelated to the crime under investigation.

***Commonwealth v. Green***, 204 A.3d 469, 480–81 (Pa. Super. 2019) (citations omitted). Dridi argues that because the language of the search

warrant did not identify cell phones as items to be seized, they were not identified with sufficient particularity and the evidence recovered from the cell phones must be suppressed. However, in the suppression proceedings and his Concise Statement, Dridi argued only that the search warrant was overbroad and all evidence seized from his home must be suppressed as a result. Because his argument related to the particularity of the search warrant, and the seizure of the cell phones was not presented to the trial court, it is waived.

In his second argument, Dridi concedes that the search warrant set forth probable cause to search for and seize his laptops, but maintains that the search could not constitutionally extend to the cell phones. **See** Reply Brief at 2. Again, this argument was not set forth in his motion to suppress, at the suppression hearing, or in his Concise Statement. In all proceedings and filings below, Dridi argued that probable cause did not exist to support the search of his residence generally; he did not argue that the search warrant was sufficient to allow seizure of the laptops but that separate probable cause was required to search and seize the cell phones. As he did not present these arguments to the trial court, they are waived. **See** Pa. R.A.P. 302(a).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/23/2020