J-S20030-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DANIEL CHAMPAGNIE | |
| Appellant | No. 3046 EDA 2019 |

Appeal from the Judgment of Sentence Entered September 23, 2019
In the Court of Common Pleas of Monroe County
Criminal Division at No: CP-45-CR-0001109-2019

BEFORE:  SHOGAN, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY STABILE, J.:                    Filed: July 23, 2020

Appellant, Daniel Champagnie, appeals from his judgment of sentence of six months' probation for driving under the influence of alcohol (first offense) ("DUI").[1]  Appellant argues that the evidence is insufficient to sustain his DUI conviction.  We affirm.

The following evidence was adduced during trial.  Appellant is married to Margie Champagnie, and the couple has a daughter, I., who was ten years old on the date of the underlying events.  On February 22, 2018, Margie telephoned I.'s school, Clear Run Intermediate School, and informed an officer at the school that she smelled alcohol on Appellant's breath, and that Appellant was driving over to the school to pick I. up.  N.T., 8/1/19, at 4-7.

---

[1] 75 Pa.C.S.A. § 3802.

Margie testified that she called the school because she was concerned for I.'s safety. *Id.* at 13.

Officer Erica Burk of the Pocono Mountain Regional Police Department, an eleven-year police officer, is presently assigned to Clear Run Intermediate School as a resource officer. *Id.* at 15. Prior to her assignment to the intermediate school, she made numerous DUI arrests. *Id.* at 23. On February 22, 2018, Margie notified Officer Burk that Appellant was intoxicated and that she, Margie, was concerned about Appellant's demeanor and I.'s safety. *Id.* at 18-19. Officer Burk decided to meet Appellant when he arrived at the school to determine whether he was intoxicated. *Id.* at 19. When Appellant arrived, Officer Burk met him outside, and he was "immediately very combative with me, very irate." *Id.* He also was "unsteady on his feet." *Id.* Officer Burk attempted to offer several options to Appellant, including a breath test, but "he wouldn't have any of it," and he "stormed away from us" and entered his vehicle. *Id.* at 20. By this point, Officer Healy and Officer Smelas had arrived on the scene. *Id.* at 19. Officer Burk testified that "we made the decision to follow [Appellant]." *Id.* at 20.

Appellant drove away from the school. Officer Burk testified that

[Appellant's] driving was indicative of someone that could be under the influence of alcohol. He was all over the road. He crossed over the white. He crossed over the yellow. He turned without using a turn signal. At one point when he turned, he was actually driving on the wrong side of the road. At that point I activated my lights and siren to indicate to him to stop. And he didn't stop immediately. He continued into a parking lot and then into a parking spot.

- 2 -

As soon as I was behind his vehicle, he immediately got out of his vehicle. I tried to order him back in his vehicle. He didn't listen. He was on the phone. He kept yelling that he was going to get his wife a 302, like get her a mental health evaluation. It was all very chaotic. The other officers and I—because he was trying to storm away from us again, the other officers and I kind of corralled him at that point and told him he wasn't free to leave.

*Id.* at 20. As Officer Burk came near Appellant, she smelled alcohol on his breath and saw that his eyes were glassy. *Id.* at 21. He refused to perform field sobriety tests, so Officer Burk took him into custody and read him an implied consent form. *Id.*

Officer Burk drove Appellant to the DUI center, a twenty-minute drive. *Id.* at 21-22. While en route, Appellant fell asleep and began snoring. *Id.* At the DUI center, Appellant refused to undergo a blood test, claiming that the technician would tamper with his blood sample. *Id.* at 22. Officer Burk testified that based on her experience as a police officer, she believed Appellant was driving under the influence of alcohol. *Id.*

Officer Daniel Smelas, a resource officer at West Junior High School, is a seventeen-year officer who has made hundreds of DUI arrests. *Id.* at 33-34. On February 22, 2018, Officer Burk notified Officer Smelas that Appellant was possibly intoxicated and was on his way to Clear Run Intermediate School to pick up his daughter. *Id.* at 31. Officer Smelas drove to the intermediate school to assist Officer Burk. *Id.* When he arrived, Officer Burk was attempting to speak to Appellant, but Appellant spoke very loudly and refused to listen. *Id.* at 32. Appellant entered his car and drove away, and Officer

- 3 -

Smelas followed in his patrol vehicle. *Id.* at 32-33. Appellant's vehicle swayed between the center of the road and the fog lane, and he failed to use his turn signal when making a left-hand turn. *Id.* at 33. Appellant turned into a parking lot and stopped his vehicle, but he refused to stay in his vehicle. *Id.* at 34. Appellant approached Officer Smelas, who noticed that Appellant had glassy eyes and alcohol on his breath. *Id.* He almost fell a couple of times. *Id.* at 35. Officer Smelas testified that based on his experience as a police officer, he believed Appellant was driving under the influence of alcohol. *Id.*

The trial court, sitting without a jury, found Appellant guilty of DUI under 75 Pa.C.S.A. § 3802. Following sentencing, Appellant timely appealed to this Court, and both Appellant and the trial court complied with Pa.R.A.P. 1925. The trial court wrote that it could not address Appellant's challenge to the sufficiency of the evidence because he failed to order the trial transcript. We have found the trial transcript in the record, so we will address Appellant's sufficiency argument below.

Appellant raises a single issue in this appeal: "Did the Court err by finding that there was sufficient evidence to convict [Appellant] of driving under the influence, general impairment?" Appellant's Brief at 4.

When reviewing a challenge to the sufficiency of the evidence, we determine "whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the

verdict winner, are sufficient to support all the elements of the offense." ***Commonwealth v. Cline***, 177 A.3d 922, 925 (Pa. Super. 2017). "This standard is equally applicable to cases where the evidence is circumstantial rather than direct so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt." ***Commonwealth v. Stokes***, 78 A.3d 644, 649 (Pa. Super. 2013).

Section 3802(a)(1) of the Vehicle Code provides that "an individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle." 75 Pa.C.S.A. § 3802(a)(1). Section 3802(a)(1) is an "at the time of driving" offense, *i.e.*, an offense requiring proof that the defendant was "driving, operating, or in actual physical control of the movement of a vehicle during the time when he or she was rendered incapable of safely doing so due to the consumption of alcohol."

Section 3802(a)(1) permits multiple types of evidence to prove DUI-general impairment, including BAC evidence:

> The types of evidence that the Commonwealth may proffer in a subsection 3802(a)(1) prosecution include but are not limited to, the following: the offender's actions and behavior, including manner of driving and ability to pass field sobriety tests; demeanor, including toward the investigating officer; physical appearance, particularly bloodshot eyes and other physical signs of intoxication; odor of alcohol, and slurred speech. Blood alcohol level may be added to this list, although it is not necessary and the two hour time limit for measuring blood alcohol level does not apply. Blood alcohol level is admissible in a subsection 3801(a)(1)

case only insofar as it is relevant to and probative of the accused's ability to drive safely at the time he or she was driving. The weight to be assigned these various types of evidence presents a question for the fact-finder, who may rely on his or her experience, common sense, and/or expert testimony. Regardless of the type of evidence that the Commonwealth proffers to support its case, the focus of subsection 3802(a)(1) remains on the inability of the individual to drive safely due to consumption of alcohol—not on a particular blood alcohol level.

*Id.* at 879.

Construed in the light most favorable to the Commonwealth, the evidence demonstrates beyond a reasonable doubt that Appellant was intoxicated at the time he drove his vehicle away from the intermediate school on February 22, 2018. Numerous facts, viewed together, firmly establish Appellant's guilt, including: (1) his wife's testimony that he smelled of alcohol when he left the house that morning; (2) his loud and aggressive behavior towards Officer Burk at the intermediate school; (3) his erratic driving after leaving the intermediate school; (4) his refusal to remain in his vehicle when Officer Burk stopped his vehicle in the parking lot; (5) his combative behavior, glassy eyes, alcohol on his breath and lack of balance at the scene of the traffic stop; (6) his falling asleep during the twenty-minute ride to the DUI center; and (7) his refusal to take a blood test at the DUI center because of his belief that the technician would tamper with the blood sample. This combination of facts is similar to other cases in which we have found the evidence sufficient to establish DUI-general impairment. **See Commonwealth v. Teems**, 74 A.3d 142, 146 (Pa. Super. 2013) (evidence

sufficient to establish DUI-general impairment where officer responding to call reporting disabled vehicle observed defendant sitting in driver's seat of vehicle, in lane of traffic, depressing the brakes, car had lost its tires, defendant could not recall if he struck anything or when or where accident might have occurred, officer noticed strong odor of alcohol from defendant, defendant had red, glassy eyes and slurred speech, defendant failed to blow properly into portable alcohol breath test machine, and blood test at hospital revealed that he had BAC of .143%); *Commonwealth v. O'Bryon*, 820 A.2d 1287, 1291-92 (Pa. Super. 2003) (evidence supported defendant's DUI conviction where officer testified that defendant ran her car into parked car and left scene, was confused and staggering, had alcohol on her breath, and could not maintain balance or locate her license and registration); *Commonwealth v. Leighty*, 693 A.2d 1324, 1327 (Pa. Super. 1997) (glassy and bloodshot eyes, admittance of alcohol consumption, failure of two field sobriety tests and minor accident before arrest sufficient to support conviction under former DUI statute).

Appellant claims that his wife lied to the police that he was intoxicated because he and his wife were involved in a custody dispute over their daughter, I. Appellant's Brief at 8. When he arrived at the school and Officer Burk refused to allow him to have his daughter, he became angry because he thought his wife was trying to seize custody of his daughter and leave Pennsylvania. *Id.* at 9. Therefore, he drove directly to the nearest lab so that

he could have his blood drawn to prove that he was not under the influence. *Id.* Not only is Appellant's version of events illogical and self-serving, but he ignores key evidence, particularly the officers' observations of his erratic driving, combative demeanor, glassy eyes and odor of alcohol on his breath. The law requires us to view the evidence in the light most favorable to the Commonwealth as the verdict winner. Appellant would have us view the evidence in the light most favorable to himself. This we cannot do.

Construed in the proper light, the evidence clearly demonstrates Appellant's guilt for DUI-general impairment. Appellant's challenge to the sufficiency of the evidence is devoid of merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/23/20