J-E02001-20

2021 PA Super 116

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TAYLOR JEFFERSON | : | |
| | : | |
| Appellant | : | No. 1119 WDA 2018 |

Appeal from the Judgment of Sentence Entered June 12, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0007306-2017

BEFORE:  BENDER, P.J.E., BOWES, J., SHOGAN, J., LAZARUS, J., OLSON, J.,
DUBOW, J., KUNSELMAN, J., MURRAY, J., and McCAFFERY, J.

CONCURRING OPINION BY BOWES, J.:                    **FILED: JUNE 7, 2021**

It is axiomatic that issues not raised in the trial court are waived and may not be raised for the first time on appeal.  *See* Pa.R.A.P. 302(a). Appellant first asserted his claim that Article I, § 8 of the Pennsylvania Constitution provides greater protection than the Fourth Amendment in his supplemental appellate brief filed after e*n banc* reconsideration of his appeal was granted and briefed.  Nonetheless, the Majority declines to find waiver because it concludes that Appellant's newly-raised claim is based upon "arguments that were not conceivable before [***Kansas v. Glover***, 140 S.Ct. 1183 (2020),] was decided."  Majority Opinion at 17.  Respectfully, I could not disagree more.  Appellant's arguments under the Pennsylvania constitution were not only fully imaginable at the time he filed his suppression motion, but were required to have been presented at that time in the first instance.

Therefore, although I agree with my esteemed colleagues that Appellant's judgment of sentence should be affirmed, and I join the Majority Opinion to the extent that it examines Appellant's Fourth Amendment claim and concludes that it affords Appellant no relief, I cannot join its rationale in full.

It is well-settled that when a defendant invokes provisions of both the United States and Pennsylvania constitutions in seeking to suppress evidence, Pennsylvania courts treat the protections of the two constitutions as coextensive unless the defendant contends otherwise. *See Commonwealth v. Lagenella*, 83 A.3d 94, 99 n.3 (Pa. 2013); *Commonwealth v. Laney*, 729 A.2d 598, 601 (Pa.Super. 1999) (conducting only a federal analysis where the defendant offered only "nominal invocation of the state constitution" and provided "neither caselaw nor reason to hold that provision offers protection different from the federal constitution"). Likewise, it has long been true that failure to raise an issue in the trial court, even one of constitutional dimension, results in waiver of the issue on appeal. *See*, *e.g.*, *Commonwealth v. Cline*, 177 A.3d 922, 927 (Pa.Super. 2017) ("The law is clear that issues, even those of constitutional dimension, are waived if not raised in the trial court. A new and different theory of relief may not be successfully advanced for the first time on appeal.").

Accordingly, it was the law of this Commonwealth at the time Appellant filed his suppression motion that, in order to preserve for appellate review a claim that Article I, § 8 provides protection beyond that of the Fourth

Amendment, he was required to both (1) refer to the state constitution as a basis for suppression, **and** (2) offer "some discussion or argument concerning the scope of its protections" in order to "alert the trial court to the issue of a possible difference between the rights afforded by the state constitution and those provided by the federal charter." *Commonwealth v. Bishop*, 217 A.3d 833, 840-41 (Pa. 2019) (cleaned up).[1]  In other words, Appellant had full notice from the outset of the instant case that making a mere reference to the Pennsylvania constitution, without giving any indication that he was advocating that it provides distinct, independent grounds for suppression, would preclude him from arguing on appeal that he should prevail under state law even though his claim failed under the U.S. Constitution.  *See Commonwealth v. Chamberlain*, 30 A.3d 381, 405 (Pa. 2011) (finding state constitution due process challenge waived because the defendant "did not claim before the trial court that the Pennsylvania Constitution provided an independent basis for relief"); *Commonwealth v. Santiago*, 980 A.2d 659, 666 (Pa.Super. 2009) (finding claim that state constitution offers greater

---

[1] Although our Supreme Court in *Commonwealth v. Bishop*, 217 A.3d 833 (Pa. 2019), established a more specific paradigm than had previously existed for preserving "a claim that an analogue provision of the state constitution operates differently than its federal counterpart[,]" it deemed its decision immediately applicable, as it amounted merely to "a refinement of our jurisprudence" such that "no aspect of its application should come as a surprise to the counseled appellant."  *Id*. at 841 n.8 (citing, *inter alia*, *Commonwealth v. Lagenella*, 83 A.3d 94, 99 n.3 (Pa. 2013)).

protection than the Fifth Amendment was waived because it was not raised in the trial court).[2]

The Majority declines to enforce the above well-established waiver principles because it deems the procedural posture of this case to be "somewhat unique." Majority Opinion at 15. The Majority distinguishes *Santiago* on the basis that Appellant included a reference to Article I, § 8 in his suppression motion, while there is no indication that the *Santiago* defendant included the parallel state provision in his trial court filings. *See* Majority Opinion at 16. The Majority finds *Laney*'s waiver holding inapplicable here because the defendant in that case failed to develop his state law argument in his appellate brief, while Appellant's supplemental brief contains analysis and supporting case law for his claim for broader state protection. *Id*. at 16-17. Finally, as noted above, the Majority concludes that waiver is

_____

[2] This principle has been reaffirmed by our Supreme Court several times during the pendency of this appeal. *Compare Commonwealth v. Alexander*, 243 A.3d 177, 193 n.8 (Pa. 2020) (declining to find waiver where the defendant indicated in the trial court that his suppression motion was "based on the United States Constitution, 4th, 5th and 14th Amendments **and the broader protections of Pennsylvania Constitution, Article One Section Eight**." (emphasis in case cited)); *with Commonwealth v. Bishop*, 217 A.3d 833, 841 (Pa. 2019) ("[B]ecause Appellant did not distinguish between the Fifth Amendment and Article I, Section 9 before the suppression court, his claim favoring departure is waived."), *and Commonwealth v. Bell*, 211 A.3d 761, 768–69 (Pa. 2019) ("Although appellant includes a brief and cursory [*Commonwealth v. Edmunds*, 586 A.2d 887, 895 (Pa. 1991),] analysis in his brief to this Court, it is the first time he has suggested that Article I, Section 8 provides an independent basis for relief. As appellant failed to preserve his Article I, Section 8 claim we decline to consider it.").

inappropriate here because his newly-raised arguments "were not conceivable before **Glover** was decided." **Id**. at 17.

I am unpersuaded by the Majority's efforts to distinguish the precedent that calls for a waiver finding here. Merely typing a citation to Article I, § 8 into his suppression motion, with no argument whatsoever that it called for a different analysis of reasonable suspicion than did the Fourth Amendment, did not alert the trial court to the claim that Appellant now proffers in this Court. The fact that Appellant is not subject to a waiver finding under Pa.R.A.P. 2101 for failure to develop his argument in his appellate brief, as was the **Laney** defendant, has no bearing on the fact that he waived the issue for failure to raise it in the trial court under Pa.R.A.P. 302(a), as did the defendants in **Bishop** and **Bell**.

Moreover, it was always foreseeable to Appellant that his claim that the traffic stop violated the Fourth Amendment would fail, whether it was rejected by the trial court, this Court, our Supreme Court, or the U.S. Supreme Court, and whether the ruling was handed down in this case or in another. Indeed, it could well have been Appellant who went to the nation's highest court to settle the question of whether possession of information about the registered owner of a vehicle gave rise to reasonable suspicion to conduct an investigative detention when the vehicle was observed by police. I think it is beyond cavil that if federal law as to the propriety of such a stop had been established in **Pennsylvania v. Jefferson** rather than **Kansas v. Glover**,

Appellant would not have been permitted to argue for the first time after the fact that he should nonetheless prevail under Article I, § 8. Conceptually, there is no difference between that situation and the one before us.

Appellant did not need the *Glover* decision to fashion his state law contentions, which he supports by analyzing Pennsylvania decisions that pre-date both the filing of his suppression motion and *Glover*, most of them by decades. *See* Appellant's supplemental brief at 25-41. Appellant was fully capable of offering from the outset the argument that he now presents to this Court: that even if federal law allows an investigative detention based upon the assumption that a car is being driven by its registered owner, Article I, § 8 "should provide an independent basis for relief" because such a ruling is inconsistent with Pennsylvania's "strong notion of safeguarding individual privacy[.]" *Id*. at 23.

Rather, Appellant is using *Glover* as a means to reframe the issue and make it look like a new one, in an effort to avoid the natural consequences of having unwisely put all of his proverbial eggs in the Fourth Amendment basket. Although *Glover* created a more critical motivation for Appellant to argue his Article I, § 8 claim, the law was clear all along that to preserve an independent claim pursuant to Pennsylvania constitution in the event that his federal claim was unavailing, he had to argue a distinct Pennsylvania claim from the start. Appellant's supplemental brief in this Court shows he had the legal ammunition to do so at the time he filed his suppression motion. Yet he

failed to do so. Unlike my esteemed colleagues, I would not allow him to present a brand new issue on appeal just because his Fourth Amendment gamble failed more obviously and pointedly than those of most defendants who have been precluded from advancing a new basis for relief only after their primary issue did not succeed.

Stated plainly, Appellant waited until it was clear that he could not prevail under federal law to present an argument that Pennsylvania law is more favorable. By doing so, Appellant waived the claim. Therefore, I would affirm Appellant's judgment of sentence on the basis of the Majority's Fourth Amendment analysis without considering the merits of Appellant's untimely, alternative Article I, § 8 arguments.

Judges Shogan, Olson and Kunselman join the concurring opinion.