J-A11003-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                   :              PENNSYLVANIA
                                   :
           v.                         :
                                   :
                                   :
PARILEE BURRESS               :
                                   :
            Appellant          :    No. 780 WDA 2022

Appeal from the Judgment of Sentence Entered May 12, 2022
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-CR-0008317-2021

BEFORE: BENDER, P.J.E., STABILE, J., and PELLEGRINI, J.[*]

MEMORANDUM BY STABILE, J.:                **FILED: JULY 17, 2023**

Appellant, Parilee Burress, appeals from her judgment of sentence of six months' probation for driving under the influence of alcohol, 75 Pa.C.S.A. § 3802(a)(1). Appellant claims that the evidence was insufficient to sustain her conviction for DUI. We disagree, and we affirm.

The trial court accurately summarized the Commonwealth's evidence as follows:

> On the date of June 9, 2021, Officer Leann Heffley[1] was working as a patrol officer in Stowe Township. Officer Heffley is certified in standardized field sobriety testing and certified in advanced roadside impaired driving enforcement. At 12 AM, Officer Heffley reported to a two vehicle accident near 633 Woodward Ave.
>
> Upon arrival, Officer Heffley observed [Appellant] standing outside of a silver PT Cruiser. The Officer testified that she observed the

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Officer Heffley was the only witness who testified during trial.

vehicle was damaged. Specifically, the vehicle's rear passenger taillight was broken, "cracked and missing a couple of pieces[.]" Moreover, the Officer observed that some of the taillight's missing pieces were in the street and some of the missing pieces were stuck to a telephone pole located directly behind the vehicle. According to the Officer the pole was about four feet apart from the vehicle. The [O]fficer noted she did not observe damage to any other vehicles near the PT [C]ruiser.

Officer Heffley made contact with [Appellant] and observed that [Appellant] had bloodshot eyes, an unsteady gait, and there was an odor of alcohol emanating from [Appellant]'s breath. [Appellant] informed the [O]fficer she was attempting to pull onto Woodwood St[.] from her parked position and the gentleman behind her was attempting to pull into the spot and collided with her vehicle. [Appellant] also made statements that she had been drinking that night.

During this interaction, the Officer observed in plain view inside of [Appellant]'s vehicle an open bottle of Corona in the front seat cup holder and case of Corona located on the passenger side floorboard. Upon inquiry, [Appellant] told the officer that she had drunk a couple of beers that night[.] The Officer conducted field sobriety tests which resulted in [Appellant] showing indicators of impairment for each test conducted. [Appellant] consented to a blood test which indicated that at the time her whole blood alcohol content was 0.161%.

Pa.R.A.P. 1925(a) Opinion, 11/16/22, at 1-2 (citations omitted).

The Commonwealth charged Appellant under Section 3802(a)(1) (DUI general impairment) and 3802(c) (DUI highest rate of alcohol). On May 12, 2022, following a non-jury trial, the court found Appellant guilty under Section 3802(a)(1) but not guilty under Section 3802(c). On the same date, the court imposed sentence. Appellant filed a timely post-sentence motion, which was denied, and a timely notice of appeal. Without directing Appellant to file a concise statement of matters complained of on appeal, the court filed an

opinion explaining that the evidence was sufficient to sustain Appellant's conviction.

Appellant raises a single issue in this appeal:

Whether [Appellant's] conviction for DUI: General Impairment can be sustained, where the Commonwealth failed to prove, beyond a reasonable doubt, that she drove her vehicle after consuming a sufficient amount of alcohol such that she was rendered incapable of safely driving?

Appellant's Brief at 5.

When reviewing a challenge to the sufficiency of the evidence, we determine "whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all the elements of the offense." *Commonwealth v. Cline*, 177 A.3d 922, 925 (Pa. Super. 2017). "This standard is equally applicable to cases where the evidence is circumstantial rather than direct so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt." *Commonwealth v. Stokes*, 78 A.3d 644, 649 (Pa. Super. 2013).

Section 3802(a)(1) of the Vehicle Code provides that "an individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle." 75 Pa.C.S.A. § 3802(a)(1). Section 3802(a)(1) is an "at the time of driving" offense, *i.e.*, an offense requiring

- 3 -

proof that the defendant was "driving, operating, or in actual physical control of the movement of a vehicle during the time when he or she was rendered incapable of safely doing so due to the consumption of alcohol."

Section 3802(a)(1) permits multiple types of evidence to prove DUI-general impairment, including BAC evidence:

> The types of evidence that the Commonwealth may proffer in a subsection 3802(a)(1) prosecution include but are not limited to, the following: the offender's actions and behavior, including manner of driving and ability to pass field sobriety tests; demeanor, including toward the investigating officer; physical appearance, particularly bloodshot eyes and other physical signs of intoxication; odor of alcohol, and slurred speech. Blood alcohol level may be added to this list, although it is not necessary and the two hour time limit for measuring blood alcohol level does not apply. Blood alcohol level is admissible in a subsection 3801(a)(1) case only insofar as it is relevant to and probative of the accused's ability to drive safely at the time he or she was driving. The weight to be assigned these various types of evidence presents a question for the fact-finder, who may rely on his or her experience, common sense, and/or expert testimony. Regardless of the type of evidence that the Commonwealth proffers to support its case, the focus of subsection 3802(a)(1) remains on the inability of the individual to drive safely due to consumption of alcohol—not on a particular blood alcohol level.

*Commonwealth v. Segida*, 985 A.2d 871, 879 (Pa. 2009).

Construed in the light most favorable to the Commonwealth, the evidence demonstrates beyond a reasonable doubt that Appellant was intoxicated at the time she drove or operated her vehicle on June 9, 2021. Numerous facts, viewed together, establish Appellant's guilt, including: (1) Officer Heffley was dispatched to the scene of a two-vehicle accident; (2) upon the officer's arrival at the accident scene, Appellant was standing in the street

next to car, which was imbedded in a telephone pole and had damage to the rear taillight, including a cracked lens and several missing pieces; (3) Appellant admitted that she was driving the vehicle and was attempting to pull onto Woodward Street from the parking space when the other driver, who was attempting to park in that spot, collided with her vehicle; (4) the officer observed that Appellant's gait was unsteady, her eyes were bloodshot, and an odor of alcohol was on her breath; (5) an "open bottle" of beer was in the front seat cupholder of Appellant's vehicle and a case of beer was in the passenger floorboard, Tr., 5/12/22, at 8; (6) Appellant admitted to the officer that she was drinking "that night" and had consumed "a few beers," *id.*; (7) Appellant had difficulty finding her license and insurance information in her wallet; (8) the officer asked Appellant to perform field sobriety tests, including the horizontal gaze nystagmus, the one-legged stand, and walk and turn test, and Appellant performed poorly on all of them; (9) Appellant's blood test revealed that her BAC was .161%, over twice the legal limit. 75 Pa.C.S.A. § 3802(a)(2) (legal limit for alcohol concentration in driver's blood is .08%); *see also Commonwealth v. Teems*, 74 A.3d 142, 146 (Pa. Super. 2013) (evidence sufficient to establish DUI-general impairment where officer responding to call reporting disabled vehicle observed defendant sitting in driver's seat of vehicle, in lane of traffic, depressing the brakes, car had lost its tires, defendant could not recall if he struck anything or when or where accident might have occurred, officer noticed strong odor of alcohol from

defendant, defendant had red, glassy eyes and slurred speech, defendant failed to blow properly into portable alcohol breath test machine, and blood test at hospital revealed BAC of .143%); *Commonwealth v. O'Bryon*, 820 A.2d 1287, 1291-92 (Pa. Super. 2003) (evidence supported defendant's DUI conviction where officer testified that defendant ran her car into parked car and left scene, was confused and staggering, had alcohol on her breath, and could not maintain balance or locate her license and registration); *Commonwealth v. Leighty*, 693 A.2d 1324, 1327 (Pa. Super. 1997) (glassy and bloodshot eyes, admittance of alcohol consumption, failure of two field sobriety tests and minor accident before arrest sufficient to support conviction under former DUI statute).

Appellant concedes that the evidence shows she was involved in an accident while operating her car and that she was intoxicated when Officer Heffley arrived at the accident scene at 12:00 a.m. Nevertheless, Appellant insists that the evidence did not prove that she was intoxicated at the time she was driving or operating her vehicle. In support of this argument, Appellant notes that Officer Heffley did not observe Appellant drive or operate the car, witness the accident, specify when she received the report of the accident, or identify the time of the accident. These omissions, Appellant postulates, leave open the possibility that (1) the accident "occurred long before Officer Heffley eventually arrived on scene," and (2) Appellant only

consumed alcohol "at the scene" after the accident,[2] when she was no longer driving or operating her car. Appellant's Brief at 33.

We disagree with Appellant's interpretation of the evidence. Appellant's BAC was .161%, over twice the legal limit of .08%,[3] and she admitted drinking "that night" and having "**a few** beers," *i.e.*, more than one beer. Tr., 5/12/22, at 8 (emphasis added). Officer Heffley, however, found just one open beer can in Appellant's car. The officer testified that she found "an **open** Corona beer in the cup holder and a case of Corona on the passenger side floorboard," *id.* (emphasis added), indicating that the case of beer was closed. Further, Officer Heffley found broken pieces of glass on the street from Appellant's taillight, but she did not testify that she found any cans outside the vehicle or on the street.

Had Appellant imbibed an amount of alcohol after the accident commensurate with her high BAC and visible impairment, Officer Heffley may have found multiple open cans of beer at the accident scene, in or near the vehicle. Officer Heffley, however, only found one open can, the can in the cup holder, indicating that Appellant possibly drank just one beer after the accident. This, along with Appellant's admission that she drank more than

---

[2] Appellant does not suggest that she left the accident scene or consumed alcohol at another location after the accident.

[3] A BAC of .16% or higher is classified as "highest rate of alcohol" under Pennsylvania's DUI statutes. *See* 75 Pa.C.S.A. §§ 3802(c), 3804(c).

one beer that night, her high BAC, and her visible impairment, demonstrates beyond a reasonable doubt that she drank alcohol before the accident and drove her car while intoxicated.[4]

For these reasons, we find the evidence sufficient to affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/17/2023

---

[4] The fact that Officer Heffley did not observe the accident or see Appellant driving her car did not render the evidence against Appellant insufficient. We have held that circumstantial evidence can sustain a conviction for DUI-general impairment even when the arresting officer did not observe the defendant driving or operating his vehicle. *See Commonwealth v. Eichler*, 133 A.3d 775, 790-91 (Pa. Super. 2016) (circumstantial evidence was sufficient to sustain defendant's conviction for DUI-general impairment even though officer did not observe defendant driving and first encountered defendant at his house over one hour after he was involved in accident on nearby road).