J-S18034-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                                   :               PENNSYLVANIA
                                                   :

           v.                                    :

                                                   :

NATHAN GENE WATKINS              :
                                                     :

           Appellant                      :       No. 1004 WDA 2023

Appeal from the PCRA Order Entered August 3, 2023
In the Court of Common Pleas of Clarion County
Criminal Division at No(s):  CP-16-CR-0000037-2021

BEFORE:  PANELLA, P.J.E., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:              **FILED: May 9, 2025**

Nathan Gene Watkins ("Watkins") appeals *pro se* from the order denying his petition under the Post Conviction Relief Act ("PCRA"),[1] and without this Court's permission has filed a motion for summary judgment and remand with instructions.  We affirm the denial of the PCRA petition and deny Watkins's motion.

In October 2021, a jury convicted Watkins, who had a prior felony conviction, *see* N.T., 10/11/21, at 26, of persons not to possess firearms, 18 Pa.C.S.A. § 6105, for an offense he committed in November 2020.  In January 2022, the court imposed a term of imprisonment of five to ten years, followed by one year of supervision.  Watkins did not file a direct appeal.

---

[1] *See* 42 Pa.C.S.A. §§ 9741-9746.

On February 16, 2023, Watkins filed a *pro se* PCRA petition. The court appointed PCRA counsel, who subsequently filed a "no merit" letter and a motion to withdraw as counsel. The PCRA court issued a notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss Watkins's petition without a hearing. After receiving an extension, in July 2023, Watkins filed a document he entitled "Opposition and Motion to Supplement PCRA Petition and/or Petition for *Habeas Corpus*." In August 2023, the court denied Watkins's Opposition and Motion and dismissed his PCRA petition. Watkins timely appealed and he and the trial court complied with Pa.R.A.P. 1925.[2]

Watkins raises four issues for our review:

I. Whether . . . Watkins is a natural born "citizen of the United States" as defined under Section 1 of the Fourteenth Amendment, and a lifetime member of "the people" referred to under the First, Second, Fourth, Ninth, and Tenth Amendments, where the meaning of "the people" should not vary among provisions?

II. Whether the "plain text" of the operative clause in the Second Amendment protects the people's right to keep and bear arms?

III. Whether the Commonwealth has failed to meet its burden under the standard announced in [**New York State Rifle and Pistol Ass'n, Inc. v. Bruen**, 597 U.S. 1 (2022), and applied in [**Range v. Attorney General United States of America**, 69 F.4th 96 (3d Cir. 2023) (*en banc*),[3]] by establishing on the record

_____

[2] After filing his appellate brief and without leave of court, Watkins filed a "Motion for Summary Judgment and Remand with Instructions Pursuant to **Commonwealth v. Alford**, 332 MAL 2023."

[3] The United States Supreme Court later vacated **Range** and remanded the case for further consideration in light of **United States v. Rahimi**, 602 U.S. 680 (2024). **See Garland v. Range**, --- U.S. ---, 144 S.Ct. 2706 (2024). On
*(Footnote Continued Next Page)*

that § 6105(A)(1) is consistent with the Nation's historical tradition of firearm regulation as applied to Watkins?

IV. Did the [trial] court err or abuse its discretion by failing to ascertain whether the suppressed testimony of the 911 caller was "exculpatory" or "impeaching" in nature[] and showed a "reasonable probability" that, if believed by the jury, the outcome of the proceeding would have been different, as required under **Brady v. Maryland**, 373 U.S. 83 [] (1963).

Watkins's Brief at 6 (unnecessary capitalization corrected).

Watkins's first three issues concern the constitutionality of his conviction for persons not to possess firearms and assert the failure of the Commonwealth to prove its case at trial. Watkins's claims of trial error are not cognizable under the PCRA.

Our scope and standard of review of an order denying a PCRA petition is well-settled. A proper appellate review of a PCRA court's dismissal of a petition is limited to an examination of whether the PCRA court's determination is supported by the record and free of legal error. **See Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014 (citations omitted). The PCRA court's findings will not be disturbed unless there is no support in the findings in the certified record. **See Commonwealth v.**

---

remand, the Third Circuit held the history of federal regulation of firearms possession by felons did not support depriving Range of his Second Amendment rights, under the federal "felon in possession law, 18 U.S.C.A. 922(g), based on Range's conviction of a non-violent, federal felony relating to food stamp fraud. **See Range v. Attorney General United States**, 124 F.4th 218, 232 (3d Cir. 2024) (*en banc*).

*Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014).  This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding.  *See Commonwealth v. Hickman*, 799 A.2d 136, 149 (Pa. Super. 2002).   In contrast, we review the PCRA court's legal conclusions *de novo*.  *See Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*).

To be eligible for relief under the PCRA, the petitioner must plead and prove by a preponderance of the evidence that he is currently serving a sentence and the conviction or sentence resulted from one of more of the following:

> (i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
>
> (ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
>
> (iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.
>
> (iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.
>
> (v) Deleted.
>
> (vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

(vii) The imposition of a sentence greater than the lawful maximum.

(viii) A proceeding in a tribunal without jurisdiction.

42 Pa.C.S.A. § 9543. Importantly, issues regarding the constitutionality of a statute can be waived if not raised in the trial court and first raised on appeal. *See Commonwealth v. Bloomer*, 372 A.3d 1282, 1285 (Pa. Super. 2024); *Commonwealth v. Cline*, 177 A.3d 922, 927 (Pa. Super. 2017).

Watkins did not raise a challenge to the sufficiency of the evidence under section 6105 or a challenge to the statute's constitutionality at trial or on direct appeal and does not assert in his brief that trial counsel was ineffective for not preserving such a challenge. His claim is accordingly not cognizable under the PCRA, *see* 42 Pa.C.S.A. § 9543, and is waived, *see Bloomer*, 372 A.3d at 1285; *Cline*, 177 A.3d at 927. *See also Commonwealth v. Jones*, 951 A.2d 294, 303 (Pa. 2008) (holding a PCRA petitioner is not entitled to the benefit in a change of law, where he failed to preserve that challenge at trial or on direct appeal).[4]

---

[4] Even were this Court to consider Watkins's subsequently-filed "Motion for Summary Judgment," despite his failure to cite authority permitting us to accept such a motion on appeal, the result would be the same. Watkins's assertion in that document that the PCRA court's failure to consider *Bruen* and *Range*, would not cure his failure to preserve the issue on direct appeal or assert PCRA counsel's failure to raise the issue as an assertion of ineffective assistance of direct appeal counsel. Finally, that the Supreme Court remanded *Commonwealth v. Alford*, a case on *direct appeal* for consideration of
*(Footnote Continued Next Page)*

Watkins's final claim asserts the trial court abused its discretion by failing to ascertain whether a 911 caller's testimony was exculpatory or capable of impeachment under **Brady v. Maryland**, 373 U.S. 83 (1963). A **Brady** violation occurs when a defendant establishes each of three elements with respect to evidence not provided in discovery:

(1) the evidence at issue is favorable to the accused, either because it is exculpatory or impeaching; (2) the evidence was suppressed by the prosecution, even if inadvertently; and (3) the evidence is material.

**Commonwealth v. Dowling**, 316 A.3d 32, 42 (Pa. 2024). Where withheld evidence has no reasonable likelihood of affecting the trial verdict, a defendant fails to demonstrate materiality. **See id**. at 47. **Cf**. **Commonwealth v. Weiss**, 81 A.3d 767, 784 (Pa. 2013) (to receive a new trial, the defendant must demonstrate that evidence concerning the reliability of the witness may well have been determinative of guilt or innocence). An appellant bears the burden to prove, by reference to the record, that evidence was withheld or suppressed by the prosecution. **See Commonwealth v. Blakeney**, 108 A.3d 739, 772 (Pa. 2014).

Watkins claims the 911 callers had "firsthand knowledge" about who possessed the gun he was convicted of possessing. **See** Watkins's Brief at 28. He further provides his mother, Carol Clinger's ("Clinger") affidavit, that

---

**Bruen**, could not avail Watkins in obtaining review of his unpreserved claim on PCRA review. **See Jones**, 951 A.2d at 303.

Patrick Crawford, one of those callers, sent her Facebook messages stating Shawn Lee, not Crawford, possessed the gun and was not subpoenaed for trial and Clinger "can prove it all thru the Facebook messenger." *See id*. at 29 and Exhibit 1. Watkins further alleges Clinger was told by the assistant district attorney that Teresa Lee was "in trouble" concerning the gun. *See id*. at 30-31.

Watkins has failed to set forth a colorable *Brady* claim. He offers no proof the Commonwealth withheld or suppressed evidence. Both Crawfords were named in the Criminal Complaint as victims, and both gave statements to the police. *See* Criminal Complaint, 12/1/20, at 4; N.T. 10/11/21, at 88-90. The recording of their 911 call was also discussed by counsel and the court prior to trial. *See* N.T., 10/11/21, at 7-13. Additionally, Watkins has failed to show that Clinger provided any of the alleged *Brady* information to the Commonwealth. Finally, given the photographic and video evidence at trial, Watkins cannot show this evidence is material: that it had a reasonable likelihood of affecting the trial verdict. *Dowling*, 316 A.3d at 42 (Pa. 2024). For all these reasons, Watkins's claim fails.

Order affirmed. Motion denied.

President Judge Emeritus Panella joins this decision.

Judge McLaughlin concurs in the result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 05/09/2025