J-S36011-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA

v.

IZEL PEACOCK

Appellant

:
:
:
:
:
:
:
:
:
:
:
:

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 2154 EDA 2020

Appeal from the Judgment of Sentence Entered July 2, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0010921-2017

BEFORE:   LAZARUS, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED JANUARY 19, 2022**

Izel Peacock appeals *nunc pro tunc* from the judgment of sentence, entered in the Court of Common Pleas of Philadelphia County, following his convictions for aggravated assault,[1] simple assault,[2] and resisting arrest.[3] Upon review, we affirm.

On July 16, 2017, Philadelphia Police Officer Justin Hynes, with his partner, Officer Timothy Jones, was on routine patrol in a marked police

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2702(a).

[2] 18 Pa.C.S.A. § 2701(a).

[3] 18 Pa.C.S.A. § 5104.

vehicle. The officers observed a tan sedan accelerate to a high rate of speed at the intersection of Griscom and Arrott Streets in Philadelphia.

The officers turned to follow the vehicle and observed it drive through stop signs without stopping, make turns without signaling, and continue to travel at a high rate of speed. At some point, the officers activated their lights and sirens and, eventually, the tan sedan parked at 1400 Unity Street. The officers exited their vehicle and approached the sedan. The officers observed four people inside the vehicle, with Peacock sitting in the driver's seat. Officer Hynes observed Peacock attempt to hide a bag under the front passenger's seat. Officer Hynes began speaking to Peacock, who informed the officers that the bag contained K2,[4] and everything in the vehicle belonged to him.

Officer Hynes requested that Peacock exit from the vehicle and Peacock removed his flip flops before complying. After exiting the vehicle, Peacock placed his hands on the top of the car and told the officers that his identification was in one of his pants pockets. When Officer Hynes touched Peacock's pocket, Peacock elbowed Officer Hynes and ran off. The officers gave chase and ordered Peacock to stop. Peacock did not heed the commands and Officer Jones tackled him approximately 10 yards away from the tan sedan. Peacock began punching and kicking Officer Jones before breaking free. Peacock again attempted to run, but was tackled by Officer Hynes and,

_____

[4] K2 is a synthetic marijuana.

at this time, the officers were able to handcuff Peacock. As a result of this altercation, Officer Hynes's uniform was torn, and he had multiple deep cuts on his forearms.

Additional officers responded and Officer Hynes was transported, via ambulance, to Jeanes Hospital, where he was treated for lacerations from his right elbow to his right wrist. The injuries to Officer Hynes's wrist required surgical repair.[5] Officer Hynes missed approximately eight months of work and has several scars due to the above-described incident.

The Commonwealth charged Peacock with, *inter alia*, the above-mentioned offenses.[6] On September 27, 2018, Peacock filed a motion to suppress in which he claimed the narcotics were fruit of the poisonous tree and that he was arrested without probable cause. On December 5, 2018, the trial court denied Peacock's motion.

On April 25, 2019, Peacock proceeded to a jury trial and, on April 29, 2019, the jury convicted Peacock of aggravated assault, simple assault, and resisting arrest, and acquitted Peacock of the remaining offenses. The trial

---

[5] During the above-described incident, Officer Hynes suffered a deep cut to his right wrist, which resulted in damage to his radial sensory nerve. ***See*** Commonwealth Exhibit 25 at 1-3. Officer Hynes underwent surgery, at which point it was determined that Officer Hynes had a crushed radial sensory nerve. ***Id.***

[6] Peacock was also charged with one count each of possession with intent to deliver, 35 P.S. § 780-113 (a)(30), and possession of a controlled substance, ***Id.*** at § 780-113(a)(16). Peacock was also charged with additional counts of aggravated assault and simple assault with regard to Officer Jones.

court deferred sentencing and ordered the preparation of a pre-sentence investigation report. On July 2, 2019, Peacock proceeded to sentencing, and the trial court sentenced him to an aggregate period of 1½ to 3 years in prison, followed by 1 year of probation. Peacock did not file post-sentence motions or a direct appeal.

Rather, on January 27, 2020, Peacock filed a *pro se* petition pursuant to the Post Conviction Relief Act (PCRA)[7] seeking reinstatement of his appellate rights *nunc pro tunc*. The trial court appointed counsel, who filed an amended PCRA petition. On October 28, 2020, the PCRA court granted the petition and reinstated Peacock's direct appeal rights *nunc pro tunc*.

Subsequently, on November 9, 2020, Peacock filed a *nunc pro tunc* notice of appeal and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

Peacock now raises the following claims for our review:

1. Did the [trial c]ourt err by not dismissing [Peacock's] charges pursuant to subsection 110(I)(ii) of Pennsylvania's compulsory joinder statute based on the prior adjudication of his summary traffic offense[?]

2. Was the evidence at the [jury] trial insufficient to convict [] Peacock?

Brief for Appellant, at 3 (citation omitted).

---

[7] 42 Pa.C.S.A. §§ 9541-9546.

In his first claim, Peacock contends that the trial court erred by not dismissing his charges pursuant to subsection 110(I)(ii) of Pennsylvania's compulsory joinder statute. *Id.* at 8. Peacock asserts that on September 19, 2017, a hearing officer in the Philadelphia Municipal Court found Peacock guilty, *in abstentia*, of driving with a suspended license at citation number LL0391834 (No. 391834). *Id.* Peacock claims that his charges in the instant case and the summary traffic offense arose from the same incident on July 16, 2017. *Id.* at 8-9.

Peacock raises an issue of law for which "[o]ur scope of review is plenary, and our standard of review is *de novo*." ***Commonwealth v. Perfetto***, 207 A.3d 812, 821 (Pa. 2019). The purpose of the compulsory joinder statute is twofold: "(1) to protect a defendant from the governmental harassment of being subjected to successive trials for offenses stemming from the same criminal episode; and (2) to ensure finality without unduly burdening the judicial process by repetitious litigation." ***Commonwealth v. Fithian***, 961 A.2d 66, 75-76 (Pa. 2008) (internal quotation marks and citations omitted).

The statute provides, in relevant part:

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to

when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:

\* \* \*

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and occurred within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense[.]

18 Pa.C.S.A. § 110(1)(ii).

Instantly, we observe that Peacock raised this claim for the first time in his PCRA petition, and then subsequently in his Rule 1925(b) concise statement. Indeed, our review of the record reveals that Peacock did not file a motion to dismiss pursuant to section 110 at any time before the trial court and, therefore, Peacock's claim under section 110 is waived.[8] **See** Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be waived for the first time on appeal."); **Commonwealth v. Cline**, 177 A.3d 922, 927 (Pa. Super. 2017) ("[I]ssues, even those of constitutional dimension, are waived if not raised in the trial court."); **see also Commonwealth v.**

_____

[8] We further observe that Peacock has failed to include a copy of No. 391834 in the certified record, and has also not provided any other evidence substantiating his claim beyond his own bald assertions. **See** Pa.R.A.P. 2119(a) (appellant must support argument with "such discussion and citation of authorities as are deemed pertinent"); **Commonwealth v. Johnson**, 985 A.2d 915, 924 (Pa. 2009) ("[W]here an appellate brief . . . fails to develop the issue in any other meaningful fashion capable of review, that claim is waived"). Thus, even if we were to reach the merits of Peacock's claim, our review would be severely hampered. This, too, is grounds for waiver.

*Williams*, 900 A.2d 906, 909 (Pa. Super. 2006) ("including an issue in a [Rule] 1925(b) [c]oncise [s]tatement does not revive issues that were waived in earlier proceedings").

In his second claim, Peacock contends that the Commonwealth did not present sufficient evidence to sustain his convictions of aggravated assault, simple assault, and resisting arrest. Brief for Appellant, at 9-11. In particular, Peacock, relying primarily on his own testimony, asserts that he lacked the requisite intent to cause bodily harm to Officer Hynes. *Id.* at 10-11. Peacock acknowledges that a struggle occurred, but claims that the struggle was a result of Officer Hynes placing Peacock in a chokehold. *Id.*

Peacock raises three challenges to the sufficiency of the evidence, which we address together. We adhere to the following standard of review:

> The standard we apply in reviewing the sufficiency of the evidence is whether[,] viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for a fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that[,] as a matter of law[,] no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence received must be considered. Finally, the [trier] of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part[,] or none of the evidence.

***Commonwealth v. Smith***, 97 A.3d 782, 790 (Pa. Super. 2014) (citation omitted).

First, with regard to aggravated assault, the Crimes Code provides, in relevant part, "[a] person is guilty of aggravated assault if he . . . attempts to cause or intentionally, knowingly or recklessly causes bodily injury to any of the officers, agents, employees or other persons enumerated in subsection (c), in the performance of duty." 18 Pa.C.S.A. § 2702(a)(3). Subsection (c) provides, in relevant part, that "[t]he officers, agents, employees and other persons referred to in subsection (a) shall [include] police officers." ***Id.*** at § 2702(c).

Regarding simple assault, the Crimes Code provides that "[e]xcept as defined under section 2702 . . ., a person is guilty of assault if he [] attempts to cause or intentionally, knowingly[,] or recklessly causes bodily injury to another." ***Id.*** at § 2701(a)(1).

Regarding resisting arrest, the Crimes Code provides that "[a] person commits [resisting arrest] if, with the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty, the person creates a substantial risk of bodily injury to the public servant . . . or employs means justifying or requiring substantial force to overcome the resistance." ***Id.*** at § 5104.

In its opinion, the trial court addressed Peacock's claims as follows:

The Commonwealth presented sufficient evidence to demonstrate that [Peacock] intended to cause bodily injury to Officer Hynes.

- 8 -

The entire incident, beginning with the traffic stop and culminating in [Peacock]'s arrest, took place in the performance of the police officers' duties in the City of Philadelphia. [Peacock] caused bodily injury by repeatedly kicking, punching, and struggling with Officer Hynes. As a result of [Peacock]'s conduct, the officer was transported to a hospital, underwent surgery to repair his injured wrist, and missed eight months of work. [This] evidence presented by the Commonwealth was sufficient to sustain the conviction for aggravated assault as well as simple assault against the police officer.

\* \* \*

[T]here was sufficient evidence to prove the charge of resisting arrest. First, as [Peacock] tried to escape the officer's attempts to arrest him, he struck Officer Hynes with his elbow. The officer had to drag [Peacock] to the ground where [Peacock] punched and kicked Officer Hynes. [Peacock]'s resistance did not end; instead, he continued to struggle to free himself from the officer's grasp, requiring Officer Jones to assist his partner. [Peacock] ignored the officers' verbal commands[.] It required the efforts of both Officers Hynes and Jones to overcome [Peacock]'s resistance and handcuff him. . . . Accordingly, the evidence was sufficient to prove beyond a reasonable doubt the crime of resisting arrest.

Trial Court Opinion, 3/22/21, at 9-10 (quotations and citations omitted).

Instantly, our review of the record confirms the trial court's determinations and conclusions. *See id.* Indeed, the record reveals that Peacock, while first appearing compliant, elbowed Officer Hynes, attempted to flee from the police officers, then struggled with the police officers for several minutes, which resulted in lacerations to Officer Hynes's forearm requiring surgery. *See* N.T. Jury Trial, 4/25/19, at 39-41, 43, 46-47, 94-97; *see also Commonwealth v. Brown*, 23 A.3d 544, 560-61 (Pa. Super. 2011) (Commonwealth presented sufficient evidence of aggravated assault, simple

assault, and resisting arrest where defendant wildly flailed his arms, threw officer to ground, and struck officer repeatedly). Additionally, Peacock's argument reiterates primarily his own testimony, which the jury was free to disbelieve. **See Smith**, **supra**. Accordingly, Peacock's claims lack merit, and we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/19/2022