J-S13026-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEIFF KING | : | |
| | : | |
| Appellant | : | No. 1288 EDA 2022 |

Appeal from the PCRA Order Entered April 8, 2022
In the Court of Common Pleas of Montgomery County
Criminal Division at CP-46-CR-0001627-2018

BEFORE:   NICHOLS, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.:                **FILED MAY 25, 2023**

Keiff King (Appellant) appeals *pro se* from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546.  We affirm and deny Appellant's application for relief as moot.

This Court previously explained:

T.S., the victim in this case, was the 4-year-old child of Appellant's girlfriend, Lisa Smith.  ...  In the summer of 2017, Smith became pregnant with Appellant's child.  Around this time, family members and caregivers began to notice signs of abuse on T.S.'s body.

For the next several months, numerous relatives continued to notice signs of abuse on T.S.'s body.  In September 2017, due to concerns about T.S.'s wellbeing, the family members removed T.S. from Smith's care, placing him with his aunt.  In January 2018, T.S. went back to live with Smith.

_____

[*] Former Justice specially assigned to the Superior Court.

On January 22, 2018, Smith and T.S. were at Appellant's home when, at 9:30 AM, T.S. spilled his cereal. T.S. wet his pants while being confronted by Smith about the incident. As a result, Appellant and Smith forced T.S. into "the position" on the floor, which was a plank position, or the straight-arm push-up position, where he was forced to remain for long spans of time throughout the day. When T.S. failed to hold the position, Smith and Appellant reprimanded and physically abused him by hitting him repeatedly with a flip-flop. In addition, Appellant hit T.S. on his buttocks with his bare hands two or three times, and with the flip-flop three or four times after T.S. removed his pants in preparation for these beatings because he was aware they were coming.

Following these beatings, Appellant and Smith put T.S. into a hot shower, causing first-, second-, and third-degree burns on his body. After the shower, T.S. was unable to move. Smith dressed him and put him on the sofa where T.S. told Smith he was sleepy. Appellant and Smith then left the room to watch television in the bedroom.

Smith returned a short time later and found T.S. lying on the floor with his lips twitching and his eyes rolling back in his head. Appellant did not want an ambulance coming to the house so instead of calling 911 or taking T.S. to the hospital, Appellant called his aunt who was 20 minutes away.

When the ambulance arrived, Smith handed T.S.'s limp body to the paramedics and walked away. The paramedics transported him to the hospital where he was pronounced dead on arrival.

… Dr. Ian Hood performed an autopsy and ruled T.S.'s death a homicide. The autopsy revealed multiple injuries to T.S.'s body indicative of past and recent severe physical abuse, including 11 rib fractures in various stages of healing, head injuries, belt buckle beating scars, burns, pulpified tissue on his buttocks which caused shock, and organ damage.

***Commonwealth v. King***, 240 A.3d 172 (Pa. Super. Aug. 18, 2020)

(unpublished memorandum at *1-2).

The Commonwealth charged Appellant and Smith with numerous crimes related to T.S.'s death, and their cases were consolidated for trial. On June 20, 2019, a jury convicted Appellant of one count each of first-degree murder and endangering the welfare of a child, and two counts of conspiracy.[1] On July 31, 2019, the trial court sentenced Appellant to life in prison.

Appellant timely appealed, and on August 18, 2020, this Court affirmed the judgment of sentence. ***King***, ***supra***. Appellant did not seek leave to appeal to the Pennsylvania Supreme Court.

On June 15, 2021, Appellant *pro se* filed the instant PCRA petition alleging a single claim of ineffective assistance of his direct appeal counsel, Francis J. Genovese, Jr. (Trial Counsel), who also represented Appellant at trial. ***See*** PCRA Petition, 6/15/21, at 4; Memorandum of Law in Support of PCRA Petition, 6/15/21, at 3, 9. The PCRA court appointed Bonnie-Ann Brill Keagy, Esquire (PCRA Counsel). On January 12, 2022, PCRA Counsel filed a motion to withdraw pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On February 23, 2022, the PCRA court granted PCRA Counsel's request to withdraw and issued Rule 907 notice of intention to dismiss Appellant's PCRA petition.

---

[1] 18 Pa.C.S.A. §§ 2502(a), 4304, and 903.

On March 7, 2022, Appellant filed a *pro se* amended PCRA petition without seeking leave of court. **See** Pa.R.Crim.P. 905(A) ("The judge may grant leave to amend or withdraw a petition for post-conviction collateral relief at any time."). On March 10, 2022, Appellant filed a *pro se* response to the Rule 907 notice. The PCRA court dismissed Appellant's PCRA petition on April 8, 2022. Appellant timely appealed.[2] On April 28, 2023, Appellant filed an application for relief seeking leave to file a reply brief.

Appellant presents two issues for review:

> I.    Was Appellant denied due process of the law and a fair trial by ineffective assistance of counsel during the pretrial stages of the case in violation of his Sixth Amendment as determined in **Strickland v. Washington**, [466 U.S. 668, 687 (1984)]?
>
> II.    Was Appellant denied due process of law by appellate counsel's failure to file a proper brief in violation of his Sixth Amendment as determined in **Evitts v. Lucey**, [469 U.S. 387 (1985)]?

Appellant's Brief at 4.

We review the PCRA court's denial of relief by "examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." **Commonwealth v. Busanet**, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." **Id.**

---

[2] The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) statement, although it filed an opinion on June 29, 2022.

[T]he PCRA court has the discretion to dismiss a petition without a hearing when the court is satisfied "that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by any further proceedings." Pa.R.Crim.P. 909(B)(2). "[T]o obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." *Commonwealth v. D'Amato*, 856 A.2d 806, 820 (Pa. 2004).

*Commonwealth v. Hanible*, 30 A.3d 426, 452 (Pa. 2011).

Appellant argues that Trial Counsel and PCRA Counsel were ineffective.

As the Pennsylvania Supreme Court has explained:

[C]ounsel is presumed to have been effective and that the petitioner bears the burden of proving counsel's alleged ineffectiveness. *Commonwealth v. Cooper*, 941 A.2d 655, 664 (Pa. 2007). To overcome this presumption, a petitioner must establish that: (1) the underlying substantive claim has arguable merit; (2) counsel did not have a reasonable basis for his or her act or omission; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance, "that is, a reasonable probability that but for counsel's act or omission, the outcome of the proceeding would have been different." *Id.* A PCRA petitioner must address each of these prongs on appeal. *See Commonwealth v. Natividad*, 938 A.2d 310, 322 (Pa. 2007) (explaining that "appellants continue to bear the burden of pleading and proving each of the *Pierce* elements on appeal to this Court"). A petitioner's failure to satisfy any prong of this test is fatal to the claim. *Cooper*, 941 A.2d at 664.

*Commonwealth v. Wholaver*, 177 A.3d 136, 144 (Pa. 2018) (citations modified). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." *Commonwealth v. Taylor*, 933 A.2d 1035, 1042 (Pa. Super. 2007) (citation omitted). With respect to ineffective assistance of appellate counsel, "the petitioner must show that there is a

reasonable probability that the outcome of the direct appeal proceeding would have been different but for counsel's deficient performance." *Commonwealth v. Blakeney*, 108 A.3d 739, 750 (Pa. 2014).

In his first issue, Appellant contends Trial Counsel was ineffective for failing to appropriately investigate his case, failing to file a pretrial motion to suppress Appellant's statement to the police, and failing to move to sever his trial from that of his co-defendant, Smith. Appellant's Brief at 9-15. Appellant also argues PCRA Counsel was ineffective for failing to raise Trial Counsel's ineffectiveness in an amended PCRA petition. *Id.* at 15-16. Appellant waived these claims because he failed to preserve them.

Appellant's assertion that PCRA Counsel was ineffective for failing to present evidence of Trial Counsel's ineffectiveness presents a layered ineffectiveness claim. "Where a petitioner alleges multiple layers of ineffectiveness, he is required to plead and prove, by a preponderance of the evidence, each of the three prongs of ineffectiveness relevant to each layer of representation." *Commonwealth v. Parrish*, 273 A.3d 989, 1003 n.11 (Pa. 2022).

> In determining a layered claim of ineffectiveness, the critical inquiry is whether the first attorney that the defendant asserts was ineffective did, in fact, render ineffective assistance of counsel. If that attorney was effective, then subsequent counsel cannot be deemed ineffective for failing to raise the underlying issue.

*Commonwealth v. Burkett*, 5 A.3d 1260, 1270 (Pa. Super. 2010).

Appellant first raised his claims regarding ineffective assistance of Trial Counsel in his "amended" PCRA petition, filed on March 7, 2022. Amended PCRA Petition, 2/28/22, at 1-2 (unnumbered). The PCRA court declined to address the claims because Appellant did not seek leave of court to file the amended petition. PCRA Court Opinion, 6/29/22, at 9.

A PCRA petitioner **must** seek leave of court to amend a PCRA petition; claims raised in an unauthorized amended petition are waived. **See Commonwealth v. Mason**, 130 A.3d 601, 627 (Pa. 2015) (emphasis added); **see also** Pa.R.Crim.P. 905(A). Our Supreme Court has instructed that PCRA amendments are not "self-authorizing, *i.e.*, [] a petitioner may [not] simply 'amend' a pending petition with a supplemental pleading." **Commonwealth v. Porter**, 35 A.3d 4, 12 (Pa. 2012); **see also Commonwealth v. Rigg**, 84 A.3d 1080, 1085 (Pa. Super. 2014) ("Where the petitioner does not seek leave to amend his petition after counsel has filed a **Turner**/**Finley** no-merit letter, the PCRA court is under no obligation to address new issues.").

Here, Appellant did not seek leave to amend his PCRA petition, in which he first raised Trial Counsel's ineffectiveness. We thus conclude Appellant has waived these claims, and like the PCRA court, decline to further address them.[3]

---

[3] Appellant's "status as a *pro se* litigant does not entitle him to any advantage due to his lack of legal training." **Commonwealth v. Ray**, 134 A.3d 1109, 1114-15 (Pa. Super. 2016).

Appellant also claims PCRA counsel was ineffective for failing to raise trial counsel's ineffectiveness. Appellant's Brief at 15-16. In **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021), our Supreme Court held "a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." **Id.** at 401. Here, Appellant raised three claims of PCRA counsel's ineffectiveness in his response to the Rule 907 notice. Response to Rule 907 Notice, 3/10/22, at 1 (unnumbered) ((1): PCRA counseled initially promised Appellant that his case had merit then moved to withdraw; (2) PCRA counsel sought to extend the deadline for filing an amended PCRA petition on five occasions; and (3) PCRA counsel only "went through the motions."). The PCRA court addressed the ineffectiveness claims Appellant raised. PCRA Court Opinion, 6/29/22, at 10-12. Critically, Appellant did not claim PCRA counsel was ineffective for failing to raise trial counsel's ineffectiveness. Response to Rule 907 Notice, **supra**. It is axiomatic that issues not first presented to the PCRA court are waived on appeal. Pa.R.A.P. 302(a). **Similarly, a litigant may not present a new or different legal theory in support of relief on appeal. Commonwealth v. Cline**, 177 A.3d 922, 927 (Pa. Super. 2017). Because Appellant did not raise his layered claim of PCRA counsel's ineffectiveness in his *pro se* response to the PCRA court, he has waived appellate review of this issue.

In his second issue, Appellant argues appellate counsel was ineffective for "failing to file a proper brief." Appellant's Brief at 18; *see id.* at 17-20. In rejecting this claim, the PCRA court explained:

> The underlying claim set forth in Appellant's *pro se* PCRA Petition was that trial/appellate counsel was ineffective for failing to perfect his appeal at the Superior Court of Pennsylvania. This claim is simply not true. On November 5, 2019, Appellant filed a timely direct appeal to the Superior Court of Pennsylvania, which was docketed at 3199 EDA 2019. On January 17, 2020, this court filed its [o]pinion. On January 21, 2020, the Superior Court issued a briefing schedule. On April 27, 2020, the appeal was dismissed by the Superior Court for failure of Appellant to file a brief. However, on that same date, appellate counsel filed with the Superior Court an application for reconsideration of the order dismissing the appeal. On May 11, 2020, the Superior Court granted Appellant's application to reinstate appeal, vacated the order of April 27, 2020 (which dismissed the appeal), and reinstated Appellant's appeal. The Superior Court directed Appellant to file his brief within twenty-one (21) days of the date of the order. On that same date, May 11, 2020, counsel timely filed his brief with the Superior Court of Pennsylvania. The direct appeal progressed on its usual course. On August 18, 2020, the Superior Court affirmed Appellant's conviction and sentence. Appellant did not file a Petition for Allowance of Appeal at the Supreme Court of Pennsylvania.
>
> To the extent that Appellant claims his appeal was lost because trial/appellate counsel did not cite case law in support of his appellate claims this claim has no merit. The issues raised on appeal were: (1) whether the evidence was sufficient to support the jury's finding of guilt on the charge of Murder of the First Degree; and (2) whether the trial court abused its discretion in sentencing Appellant to a total, aggregate sentence of not less than life in prison, without the possibility of parole, plus a consecutive fifteen (15) to thirty (30) years of imprisonment.
>
> The Superior Court determined that Appellant waived the sufficiency of the evidence claims due to "significant briefing defects." (Superior Court Opinion at 8-9). However, despite finding waiver, the Superior Court addressed this claim on the merits and determined, "as a matter of law and fact, we conclude

- 9 -

that the Commonwealth presented sufficient evidence to support the jury's verdict finding Appellant guilty of First-Degree Murder." (Superior Court Opinion at 9-10). The Superior Court addressed Appellant's claim related to the discretionary aspects of sentencing on the merits. The Superior Court also determined that the trial court did not abuse its discretion in imposing sentence upon the Appellant and Appellant's sentencing challenge warrants no relief. (Superior Court Opinion at 16). …

The underlying claim of ineffective assistance of counsel as set forth in [Appellant's] PCRA [p]etition has no merit. Appellant had a full and fair direct appeal. Appellant raised two issues in his direct appeal, and the Superior Court addressed and rule on each issue. Appellant's direct appeal was not compromised or prejudiced in any way due to counsel's initial failure to file a brief. Appellant was in no way "abandoned" by trial counsel. There is no basis to reinstate Appellant's direct appeal rights. Appellant does not satisfy the ineffectiveness test for trial/appellate counsel.

PCRA Court Opinion, 6/29/22, at 12-14. The record supports the PCRA court's reasoning, and we affirm on this basis.

For the above reasons, the PCRA court did not err in dismissing Appellant's PCRA petition without a hearing. *Hanible*, 30 A.3d at 452. Further, we deny Appellant's application for relief as moot.

Order affirmed. Application for relief denied.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 5/25/2023*

- 10 -