J-S21033-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAKY DOUGHTY | : | |
| | : | |
| Appellant | : | No. 3299 EDA 2024 |

Appeal from the Judgment of Sentence Entered August 29, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001360-2020

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAKY DOUGHTY | : | |
| | : | |
| Appellant | : | No. 3300 EDA 2024 |

Appeal from the Judgment of Sentence Entered August 29, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001361-2020

BEFORE:   KUNSELMAN, J., KING, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED OCTOBER 10, 2025**

Appellant, Shaky Doughty, appeals from the judgment of sentence imposed following jury verdicts of guilty of possessing a firearm with an altered manufacturer's number, possessing a firearm without a license, carrying a firearm on the public streets or public property in Philadelphia, and

_____

[*] Retired Senior Judge assigned to the Superior Court.

recklessly endangering another person.[1] Appellant's counsel has filed an application to withdraw and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009), stating that the appeal is wholly frivolous. After careful review, we grant counsel's petition to withdraw and affirm.

The trial court summarized the facts of the case:

On July 2, 2019, at around 12:57 p.m., victims Derrick Wiley and Vincent McClain were standing on Hilton Street, near the intersection of G Street in the city and county of Philadelphia, when Appellant drove by in a maroon Buick Regal [and] opened fire using a 9mm Taurus handgun and shot both men. Appellant immediately drove away and disposed of the vehicle nearby on the 300 block of Ontario Street. Officers responded and transported both victims to Temple University Hospital. Officers subsequently recovered several fired [c]artridge casings (FCCs) and surveillance footage. On the same date, Appellant's maroon Buick Regal was seized and searched pursuant to valid warrants. In the search, the 9mm Taurus was recovered from Appellant's vehicle.

On a later date, in the course of an unrelated search performed at 4318 Cloud Street, Appellant was apprehended along with a white iPhone. The phone had the digital identifying name of "Shak's." GPS coordinates and cellular phone information proved that Shak's phone had been within the vicinity of the shooting. Appellant was subsequently arrested on July 17, 2019. A search warrant obtained DNA from Appellant, which was later matched to DNA found on the 9mm Taurus.

Opinion, Cianfrani, J., 2/20/25 ("Trial Court Opinion"), 2.

Under Docket Number CP-51-CR-0001360-2020 (the subject of Appeal No. 3299 EDA 2024), the Commonwealth charged Appellant with attempted murder and aggravated assault with respect to Derrick Wiley, and also with

_____

[1] 18 Pa.C.S. §§ 6110.2, 6106, 6108 and 2705, respectively.

possessing a firearm with altered manufacturer's number, possessing a firearm without a license, and carrying a firearm on public streets or public property in Philadelphia. Under Docket Number CP-51-CR-0001361-2020 (the subject of Appeal No. 3300 EDA 2024), the Commonwealth charged Appellant with aggravated assault and recklessly endangering another person (REAP) with respect to Victor McClain. Appellant was tried by a jury in 2022, which ended in a partial verdict of not guilty of attempted murder of Derrick Wiley and no verdict with respect to any other charges. *See* N.T. Trial, 12/2/2022, 18-20. Appellant was again tried by a jury, in April 2024, which found him not guilty of aggravated assault of both Derrick Wiley and Victor McClain, and guilty of recklessly endangering another person, with respect to McClain, and of possessing a firearm with an altered manufacturer's number, possessing a firearm without a license and carrying a firearm on the public streets or public property in Philadelphia. *See* N.T. Trial, 4/29/24, 6-7.

The trial court sentenced Appellant on August 29, 2024. The parties agreed that Appellant had a prior record score of four. Combined with the offense gravity score for his various convictions, the Sentencing Guidelines produced a standard range of: 48 to 60 months' imprisonment for possessing a firearm with an altered manufacturer's number; 36 to 48 months' imprisonment for possessing a firearm without a license; 6 to 16 months' imprisonment for carrying a firearm on public streets or property in Philadelphia; and of 3 to 14 months for recklessly endangering another person. The sentencing court summarized its decision, as follows:

- 3 -

After acknowledging receipt and consideration of the pre-sentencing report, the Commonwealth's Sentencing Memorandum, and the oral argument, the Trial Court determined that a sentence within the standard guidelines was warranted. Accordingly, Appellant was sentenced to five (5) to ten (10) years [of] confinement for possession of firearm with [an altered manufacturer's] number, three (3) to six (6) years [of] confinement for possession of a firearm … without a license, one and half (1½) to three (3) years [of] confinement for carrying a firearm on [public streets or property in Philadelphia], and one (1) to two (2) years [of] confinement for recklessly endangering another person. The sentences are to run concurrently except for the recklessly endangering another person, which is consecutive. Thus, Appellant received an [aggregate] sentence of six (6) to twelve (12) years [of] confinement.

Trial Court Opinion, 10-11.

Appellant filed a timely motion to reconsider his "aggregate sentence of 6 to 12 years [of] incarceration" on September 8, 2024. Appellant's Post-Sentence Motion, 9/8/24, ¶ 4-5. The court denied the motion by written order on December 5, 2024. Order, 12/5/24. In between, the trial court granted trial counsel leave to withdraw from representation and appointed current counsel to represent Appellant on direct review. *See* Short Certificate Order, 10/11/24.

On December 6, 2024, Appellant, through counsel filed, a timely notice of appeal under both trial docket numbers. The trial court issued an order pursuant to Rule of Appellate Procedure 1925(b) for Appellant to file a concise statement of matters complained of on appeal. *See* Order, 12/9/24; Pa.R.A.P. 1925(b). Appellant complied with the court's order by filing a statement of intent to file a brief in accordance with *Anders* and *Santiago*. *See* Appellant's Statement of Intent to File *Anders* Brief, 1/6/25; Pa.R.A.P. 1925(c)(4).

On February 24, 2025, under Appeal Docket No. 3299 EDA 2024, direct appeal counsel filed a petition to withdraw as counsel pursuant to *Anders*. On February 26, 2025, he filed a petition to withdraw as counsel pursuant to *Anders* under Appeal Docket No. 3300 EDA 2025. On March 31, 2025, this Court issued an order directing counsel to file the letter to Appellant informing him of the right to retain new counsel to pursue the appeal, proceed *pro se* on appeal, or raise any additional points that Appellant deems worthy of this Court's attention." *See* Superior Court Order, 3/31/25 (directing counsel to file with Superior Court the letter sent to Appellant in compliance with *Anders*). This Court also *sua sponte* ordered the consolidation of the two above-captioned appeals. *See* Superior Court Order, 3/31/2025 (consolidating appeals); Pa.R.A.P. 513. Counsel complied with the order directing him to file the letter to Appellant required by *Anders*. *See* Response to Order, 4/5/25. On its face, the letter transmitted to Appellant a copy of the *Anders* brief and stated, in pertinent part:

> I am required to inform you that you have a few options remaining. You may retain new counsel to represent you in your appeal or you may proceed *pro se* and raise any additional arguments you deem worthy of the Superior Court's attention.

Counsel's Letter to Appellant, 2/17/25 (attached to Response to Order, 4/5/25). To date, Appellant has not filed any pleading in this Court responsive to the *Anders* brief or application to withdraw filed by counsel.

Before this Court can consider the merits of this appeal, we must first determine whether appellate counsel has satisfied all of the requirements that

counsel must meet before leave to withdraw may be granted. **Commonwealth v. Dempster**, 187 A.3d 266, 270 (Pa. Super. 2018) (*en banc*).

To withdraw from representing a convicted defendant on direct appeal on the basis that the appeal is frivolous, counsel must: (1) petition the court for leave to withdraw stating that he or she has made a conscientious examination of the record and has determined that the appeal would be frivolous; (2) file a sufficient **Anders** brief; and (3) provide a copy of the **Anders** brief to the defendant and advise the defendant of his or her right to retain new counsel or proceed *pro se* and to raise any additional points that he or she deems worthy of the court's attention. **See Dempster**, 187 A.3d at 270.

An **Anders** brief must comply with all the following requirements:

[T]he **Anders** brief ... must (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. If counsel has satisfied the above requirements, then it is this Court's duty to review the trial court's proceedings and render an independent judgment as to whether the appeal is wholly frivolous. **Dempster**, 187 A.3d at 271.

Appellate counsel states in his application to withdraw that he has reviewed the record and could find no issues of merit to be raised in an appeal.[2] His February 17, 2025 letter to Appellant provided a copy of the *Anders* brief and advised Appellant of his right either to retain new counsel or to proceed *pro se* on appeal and to raise any points he deems worthy of this Court's attention. Further, appellate counsel's *Anders* brief provides an adequate procedural and factual summary of the case and cites and discusses the applicable law on which counsel bases his conclusion that there are no non-frivolous issues that he can raise on Appellant's behalf. Appellate counsel has thus filed a sufficient *Anders* brief and complied with the procedural requirements for withdrawal as counsel in this appeal.

We next consider the issues raised by counsel in the *Anders* brief to determine whether they are in fact frivolous. *Dempster*, 187 A.3d at 272. In addition, if we find those issues frivolous, we will conduct a review of the record to ascertain if, on its face, there are other issues of arguable merit overlooked by counsel. *Dempster*, 187 A.3d at 271-72.

Counsel discusses the trial court's ruling to permit the Commonwealth to introduce a statement of a witness who was not present at trial. The witness was Derrick Wiley, who was "unavailable due to his incarceration in New

---

[2] In the *Anders* brief, counsel asserts that he "has zealously reviewed the entire record, analyzed the notes of testimony, spoke to trial counsel … and believes that to continue with the appeal would be wholly frivolous." *Anders* Brief, 12. The trial court "concurs with … counsel's determination that there are no non-frivolous issues to be argued on appeal." Trial Court Opinion, 12.

Jersey and [being] on medical hold." Trial Court Opinion, 3 n.1. Wiley testified at the first trial. *See* N.T. Trial 11/29/22, 27-46. At the second trial, Wiley's testimony from the first trial was read into the record. *See* N.T. Trial, 4/23/24, 36-57. As Appellant had a full opportunity to cross-examine Wiley at the first trial, the admission of his prior testimony was proper. *See* Pa.R.E. 804(b)(1).

Wiley's testimony at the first trial, read at the retrial, included the prosecutor confronting Wiley with his prior inconsistent statement in the form of a written, signed statement to police. *See* N.T. Trial, 4/23/24, 51-54. Wiley denied his signature on the statement, testifying it did not look like his signature. *See* N.T. Trial, 11/29/22, 37-38; N.T. Trial, 4/23/24, 47-48. Appellant's counsel objected to introducing the statement on the ground that Wiley had not adopted the statement as his own. *See* N.T. Trial, 11/29/22, 38-39; N.T. Trial, 4/23/24, 48-49. The trial court initially agreed and prevented the Commonwealth from cross-examining Wiley on his prior statement. *Id.* The prosecutor asked for a sidebar, which was not recorded, but immediately afterwards the defense objection was overruled on the record. *See* N.T. Trial, 11/29/22, 40; N.T. Trial, 4/23/24, 50-51.

Counsel forwards that any argument that Wiley's prior inconsistent statement could not be introduced is waived for review because trial counsel "offered no objection after the sidebar was concluded." *Anders* Brief, 13. We agree that we are foreclosed from entertaining any appellate claim about the use of Wiley's prior inconsistent statement. *See* Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on

appeal"); ***Commonwealth v. Rush***, 959 A.2d 954, 949 (Pa. Super. 2008) ("for any claim that was required to be preserved, this Court cannot review a legal theory in support of that claim unless that particular legal theory was presented to the trial court"). To preserve an objection to evidence admitted at trial, the opposing party must make a contemporaneous objection. ***See Commonwealth v. Bruce***, 916 A.2d 657, 671 (Pa. Super. 2007) ("failure to offer a timely and specific objection results in waiver" of claim that needed to be preserved); ***Commonwealth v. Cousar***, 928 A.2d 1025, 1041 (Pa. 2007) ("The rule is well settled that a party complaining on appeal of the admission of evidence in the [c]ourt below will be confined to the specific objection there made") (citation omitted).

In addition, the record makes clear that the only objection made prior to the sidebar was meritless. Notably, the prosecutor could impeach Wiley with his prior inconsistent statement whether or not she intended to introduce it as substantive evidence. ***See*** Pa.R.E. 613(a) ("A witness may be examined concerning a prior inconsistent statement made by the witness to impeach the witness's credibility"). Trial counsel objected on the ground that Wiley's present contention that the signature on the statement was not his, which was an objection to the statement being introduced as substantive evidence under the ***Brady***-***Lively*** line of cases. ***See*** Pa.R.E. 803.1(1)(B) (admission of a prior inconsistent statement requires a writing "signed and adopted by the declarant"); ***Commonwealth v. Brady***, 507 A.2d 66, 72 (Pa. 1986) (holding that the recorded statement of a witness to a murder, inconsistent with her

testimony at trial, was properly admitted as substantive evidence, excepted to the hearsay rule); ***Commonwealth v. Lively***, 610 A.2d 7, 10 (Pa. 1992) (prior inconsistent oral statement not explicitly adopted by declarant must be a verbatim, contemporaneous recording).

However, "adoption of the statement by the witness at trial is unnecessary as it would obviate the need to incorporate the evidentiary rules for prior inconsistent statements" at all. ***Commonwealth v. Hanible***, 30 A.3d 426, 447 (Pa. 2011); ***see also Commonwealth v. Ragan***, 645 A.2d 811, 818 (Pa. 1994) (holding that a statement that the witness had given to police, which had been reduced to writing and signed by the witness but was repudiated by the witness at trial, was admissible as substantive evidence). A declarant adopts a "prior statement to police when he signed each page of the document" at the time he provided the statement. ***Hanible***, 30 A.3d at 447; ***Commonwealth v. Stays***, 70 A.3d 1256, 1262 (Pa. Super. 2013) ("inconsistent statements made by a witness prior to the proceeding at which he is then testifying are admissible as substantive evidence of the matters they assert so long as those statements, when given, were adopted by the witness in a signed writing"). The evidence presented at the initial trial, through the detective that took Wiley's statement, was that Wiley signed the statement at the time it was taken. ***See*** N.T. Trial, 11/29/22, 51-53. Therefore, the stated objection to impeaching Wiley and to introducing as substantive evidence his prior inconsistent statement was meritless.

Based on the foregoing, we agree with appellate counsel that the issues raised by Appellant lack any arguable merit. In addition, we have reviewed the certified record and have discovered no additional issues of arguable merit on the face of the record. We note that any challenge to the sentencing court's discretion was waived when Appellant's post-sentence motion merely requested reconsideration of the sentence without laying out any particular aspect of the of the sentence imposed as the product of an abuse of the court's discretion. *See Commonwealth v. Cartrette*, 83 A.3d 1030, 1042-43 (Pa. Super. 2013) (*en banc*) (holding that appellant waived discretionary aspects of sentence claim by failing to preserve it in a post-sentence motion or at sentencing); *Commonwealth v. Gibbs*, 981 A.2d 274, 282-83 (Pa. Super. 2009) (challenge to the discretionary aspects of a sentence must be raised in a post-sentence motion or at sentencing).

We also note that a panel of this Court recently held that Section 6108 of the Crimes Code violated, on an as applied basis, the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. *See Commonwealth v. Sumpter*, 340 A.3d 977, 980-981 (Pa. Super. 2025) (reargument denied). The trial court found Appellant guilty of violating Section 6108 and imposed a concurrent term of imprisonment. However, Appellant did not raise an Equal Protection claim, either as a facial challenge or as applied, before the trial court, and thereby failed to preserve any such claim for direct appeal. "It is a settled principle of appellate review, of course, that courts should not reach claims that were not raised below." *Commonwealth*

*v. Colavita*, 993 A.2d 874, 891 (Pa. 2010) (citing Pa.R.A.P. 302(a)), *overruled in part on other grounds*, *Commonwealth v. Bradley*, 261 A.2d 381, 397 (Pa. 2021). "A corollary of this salutary restriction is that courts generally should not act *sua sponte* to raise claims or theories that the parties either did not raise below or failed to raise in their appellate pleadings." *Id.* "The rule is no different in the constitutional context." *Id.*; *see also* *Commonwealth v. Cline*, 177 A.3d 922, 927 (Pa. Super. 2017) ("The law is clear that issues, even those of constitutional dimension, are waived if not raised in the trial court") (internal quotation marks and citation omitted); *Commonwealth v. Strunk*, 953 A.2d 577, 579 (Pa. Super. 2008) ("Even issues of constitutional dimension cannot be raised for the first time on appeal").

Accordingly, we grant appellate counsel's petition to withdraw and affirm the trial court's judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/10/2025

- 12 -